## James T. Cyrus v. Francis M. Hicks.

An injunction lies to restrain an execution issued on a judgment the record of which has been destroyed, and not renewed by substitution.

In a suit to enjoin an execution issued on a judgment the record of which has been destroyed and not renewed by substitution, the defendant may ask and obtain a renewal of such record by substitution; such proceeding being, it would seem, in the nature of reconvention. But the injunction having been properly issued in such case, the defendant must pay the costs.

Appeal from Navarro. Tried below before the Hon. John Gregg.

At the Spring Term, 1855, Francis M. Hicks recovered judgment against James T. Cyrus and William H. Morrell, for a certain amount of money, from which said Cyrus appealed. On or about the 14th of November, of the same year, the Court House of Navarro county was destroyed by fire, and with it the records of said suit and judgment. But the transcript for the appeal had been previously sent up to the Supreme Court, where the judgment was affirmed, with damages for delay, against Cyrus and his sureties, on the 4th of December, 1855, without statement of the amount. On the first day of February, 1856, execution was issued by the Clerk of the District Court, reciting the judgment of Spring Term, 1855, same as if it had not been destroyed by fire, reciting its affirmance by the Supreme Court with damages, and commanding the Sheriff to make the money out of the property of Cyrus and his sureties in the appeal, naming them. This execution was returned, April 6th, with the greater amount of the money paid. At the Spring Term, 1856, there was an entry of " James T. Cyrus v. Francis M. Hicks, appellee. The judgment in this cause having been affirmed by the Supreme Court, it is ordered that execution issue for the debt and costs in this Court, according to the mandate of the Supreme Court, against James T. Cyrus, principal, and his sureties" (naming them) " pursuant to the former judgment of this Court." At same Term, there was an entry as follows : " F. M. Hicks v. J. T. Cyrus and W. H. Morrell. Motion to substi-

tute. It is ordered by the Court that this motion be granted."
Afterwards, on the 7th of May, 1856, the Clerk issued execution
against Cyrus, Morrell, and the sureties of Cyrus in the appeal,
reciting the judgment of Spring Term, 1855, and its affirmance
with damages by the Supreme Court, but making no allusion to
the destruction of the original judgment nor to the proceedings
of the Spring Term just past, and commanding him to make the
amount, less the amounts credited on the previous execution,
out of the property of said parties.

Against this execution an injunction was obtained from the
Hon. Henry J. Jewett, then Judge of that District, on the peti-
tion of all the defendants in the execution, the petition alleging
that petitioners had caused thorough and diligent examination
and search to be made into the record of judgments and proceed-
ings upon the record minutes of said District Court, and that
they are informed and believe that no such judgment as the one
referred to by said execution as its foundation, or any other
judgment against your petitioners or either of them, in favor of
said Hicks, has any existence upon the record minutes of said
District Court, as shown by the transcript herewith filed, and,
with the certificate, made part of this petition ; and that in fact,
said execution has no valid, subsisting judgment for its founda-
tion, so far as said petitioners can ascertain, and so far as they
are advised. Then followed a general allegation that the de-
fendants in said execution had not been called on to point out
property, but that Hicks or his agent had made his own selection
of property, notwithstanding defendants in execution had other
valuable property out of which said execution could be made.

The execution had been levied on a lot and store house in some
town not named. The transcript mentioned above, as made part
of the petition, was of the entries already given, of Spring Term,
1856, and was certified by the Clerk to be a true copy of all the
proceedings had in the said cause as appeared of record upon the
minutes of said Court. The petition was sworn to and the bond
given by Cyrus alone, and the cause appeared afterwards to be
conducted in his name alone, but the petition, as before stated,
purported to be by all, and was signed by attorney.

At Fall Term, 1856, defendant excepted on several grounds
going to the sufficiency of the petition. He also alleged in his
answer the rendition of the judgment at the Spring Term, 1855;
the destruction of the records by fire ; the affirmance of the Su-
preme Court on appeal ; and that at the Spring Term, 1856, a

motion was made by defendant to substitute a certified transcript of the papers and proceedings in said cause, including said judgment, which was then and there granted, and that if the proper entry was not made, it was the fault of the Clerk, which defendant prayed might be corrected. There were similar allegations and prayer, as to the entry of judgment at same Term on the mandate of the Supreme Court. He also alleged that the allegations of the petition were untrue, and founded upon misrepresentation and equivocation of facts, &c. The answer was sworn to by defendant.

Here followed in the transcript, the motion of defendant filed at the Spring Term, 1856, April 11th, "to substitute the transcript of the proceedings and papers herewith filed as part of this motion, for the original papers and proceedings had in said cause before this Court, all of which were destroyed by the burning of the Court-house," &c. Affidavit of the Clerk that the transcript contained the substance of said papers and proceedings. Here followed a complete transcript of all the papers and proceedings, being copied, doubtless, from the transcript in the Supreme Court.

Here followed a motion by the defendant, filed at the Fall Term, 1856, to substitute in place of the destroyed judgment, a copy of the judgment entry only of Spring Term, 1855. It was entitled as of the original suit of Hicks v. Cyrus and Morrell, and not of this suit. Then followed a motion entitled same, filed at same Term, by defendants to set aside "the substituted judgment entered in said cause at the present Term," (no such judgment in the record,) one of the grounds of which was that defendants had not notice of the motion. Same Term motion overruled and defendants gave notice of appeal.

At the Spring Term, 1857, defendant moved to dissolve the injunction, and at the same Term came the parties by their attorneys, " and the cause coming on to be heard on the grounds alleged in the motion to dissolve the injunction, and the petition and answer ; after reading the petition and answer, motion, &c., and papers generally in said cause, upon which said injunction was founded, the cause was submitted to the Court, and after an inspection of all the pleadings and papers in said cause, it is considered that the judgment mentioned in the transcript in the case of Francis M. Hicks v. James T. Cyrus and William M. Morrell, filed the 11th day of April, 1856, and substituted at the Spring Term, 1856, of this Court, the record of which substituted

judgment was insufficiently entered by the Clerk, be now entered on the minutes *nunc pro tunc*, and its effects refer back to the time at which it was rendered, which judgment was in substance as follows." [Here followed a copy of the judgment entry of Spring Term, 1855.] " It is considered by the Court that the said transcript be now substituted, *nunc pro tunc*, for the original papers and proceedings of said cause of F. M. Hicks v. William H. Morrell et al., and be spread upon the final records of this Court, and be now considered of record, for all the purposes of said judgment, and that the injunction issued in this cause be wholly dissolved, and that execution issue on said judgment. It is further considered by the Court, that the collection of the substituted judgment, entered at the Fall Term, 1856, of this Court, in the cause of F. M. Hicks v. W. H. Morrell et al., be henceforth perpetually enjoined, and that no execution issue on the same; but that execution issue by virtue of this substitution of said judgment, subject to the credits indorsed upon the execution which was enjoined in this cause, to wit:" [Here said credits were specifically stated.] The entry then recited the appeal from said judgment of 1855, and the mandate of affirmance thereof with damages, and then continued, " It is further considered that the foregoing decree of the Supreme Court be hereby made the judgment of this Court, and that the execution hereby permitted to be issued, be issued in accordance with the said judgment hereby substituted and the said mandate of said Supreme Court; that this cause be hereby dismissed, and that the defendant recover of said James T. Cyrus and his securities," &c., the costs of this suit. Notice of appeal by plaintiff. No statement of facts nor bill of exceptions.

*C. M. Winkler,* for appellant.

*W. Croft,* for appellee, suggested delay.

ROBERTS, J. This case has been carefully examined into, and although a number of irregularities are apparent in the record, there is but one error which affects the correctness of the decree finally rendered. That is in rendering a judgment for costs against the appellant and his sureties. The decree recognizes the fact that the injunction was rightfully applied for and granted when the petition was filed, by enjoining " the collection of the

substituted judgment entered at the Fall Term, 1856." That is, that at the time the enjoined execution was issued, there was not properly of record any judgment upon which it could be founded. The substitution of the judgment afterwards should not be held to place appellant in the wrong, *ab initio*, in claiming a remedy to which he was then entitled, but which the judgment, after it was thus substituted, swept away from him. That part of the judgment, then, which decrees the costs of the suit against appellant and the sureties on the injunction bond, Pillow & Leitch, is erroneous, and it will, to that extent, be reversed.

The Court ordered an execution to issue on the judgment as substituted at the Spring Term, 1857; and of this substitution the appellee complains that he had no notice of the motion to substitute. The record shows that although this last purports to be a substitution *nunc pro tunc*, it really was not so; but effect was given to it only as a substitution of that Term; and the former order for substitution was in fact annulled. Of the first motion to substitute, appellee had no notice; but of the last he did, as he appeared and contested it.

Under this view of the legal effect of the action of the Court, want of notice of the first motion to substitute the judgment becomes immaterial, and the last substitution, which was made in 1857, should be allowed to stand as it was adjudged.

The judgment is reversed as to the recovery of costs against appellant and sureties on his injunction bond, and affirmed as to the balance of the decree.

Ordered accordingly.