### HOUSTON & TEXAS CENTRAL RAILROAD COMPANY ET AL. v. MARTIN STRYCHARSKI.

#### No. 457. Decided November 9, 1896.

**1. Court of Civil Appeals—Reversal—Rendering Judgment.**

In a suit against the receiver of a railway and a company purchasing at his sale, for a liability incurred by the receiver, who had been discharged on delivering the property to the purchaser, the trial court having directed a verdict in favor of the receiver and verdict and judgment being had against the purchasing company, the Court of Civil Appeals, on affirming the judgment against the company and reversing that in favor of the receiver, has no power to render judgment against the latter for the amount recovered against the company. (Pp. 8, 9.)

**2. Same.**

The determination of questions of fact as the basis of a final judgment involves the exercise of original jurisdiction, which has not been conferred upon the Court of Civil Appeals, and the verdict of the jury against the railroad company could not be given the same effect against the receiver as against the company. (Pp. 9-11.)

**3. Railway—Receiver's Sale—Liability of Purchasing Company.**

The rulings of the Court of Civil Appeals in this case as to the liability of the purchasing company for claims against the receiver (Railway v. Strycharski, 35 Southwestern Reporter, 851), affirmed. (P. 12.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Strycharski sued Dillingham, receiver of the Houston & Texas Central Railway Company, and the Houston & Texas Central Railway Company, the purchaser of the property at a receiver's sale, to recover for personal injuries received as an employe of the receiver. Plaintiff had judgment against the company, but the trial court directed a verdict in favor of the receiver. The company appealed, Strycharski filing cross-assignments of error, upon which the Court of Civil Appeals, while affirming the judgment against appellant, reversed that in favor of the receiver and rendered judgment against him. Both the company and the receiver then obtained writs of error from the Supreme Court.

Upon the judgment here rendered the Houston & Texas Central Railroad Company obtained writ of error from the Supreme Court of the United States.

The case upon a former appeal, in which it was reversed and remanded, is reported in 6 Texas Civil Appeals, 555.

*Baker, Botts, Baker & Lovett* and *Frank Andrews,* for plaintiff in error.—As disclosed by the facts contained in the record, the plaintiff brought this suit upon one theory, upon which he obtained a judgment which was reversed by the Court of Civil Appeals at Galveston as being not sustained by the evidence, when the theory of the plaintiff's cause of action was changed and the new cause set up, and the evidence upon the second trial of the cause was materially variant from that on the first trial, and on the facts contained in the record the defendant in error is not entitled to recover anything against this plaintiff in error. Railway v. Smith, 52 Texas, 185; Railway v. Bracken, 59 Texas, 74; Railway v. Richards, 59 Texas, 376; Railway v. Smith, 62 Texas, 252; Railway v. Hewitt, 67 Texas, 480; Hughes v. Railway, 67 Texas, 595; Railway v. Ryon, 70 Texas, 58; Artusy v. Railway, 73 Texas, 191; Railway v. McDonald, 75 Texas, 41; Railway v. Smith, 77 Texas, 179.

If appellee was in a position where he could see or hear the approaching engine and cars, it was his duty to use his sense of sight or hearing, and if he failed to do so and was injured by reason of such failure upon his part, then he can not recover. Railway v. Schmidt, 61 Texas, 285; Railway v. Bracken, 59 Texas, 75; Insurance Co. v. Tillman, 84 Texas, 35; Zapp v. Michaelis, 58 Texas, 275; Willis v. Lewis, 28 Texas, 191; Chandler v. Meckling, 22 Texas, 42; Jacobs v. Crum, 62 Texas, 401; Redus v. Burnett, 59 Texas, 582; Railway v. Dodson, 3 Wilson C. C., p. 466; Railway v. Reed, 80 Texas, 368; Railway v. Porfert, 72 Texas, 353. See also authorities under previous proposition.

There being no evidence to support a verdict and judgment or to sustain the conclusions of the Court of Civil Appeals, the question presented becomes a question of law, as presented by the facts in the record, and upon finding that the facts in the record will not support the judgment, this court will not permit such judgment to stand. Same authorities.

It is the duty of the court, when a special charge is asked by either party to the suit, to give or refuse the charge. If given, it should be submitted to the jury without any interlineations or additions. Compress Co. v. Bradley, 52 Texas, 587, 602.

The charge is vague and uncertain, and is made so by the use of the words "unless the jury further believe that the injuries complained of by the plaintiff were also contributed to by the negligence of the defendant or his agent as elsewhere explained." Railway v. Greenlee, 62 Texas, 349; Railway v. Harriett, 80 Texas, 81; Railway v. Kelly, 34 S. W. Rep., 809.

The charge assumes as a fact, that the plaintiff was injured and that from said injury he suffered mental anguish and physical suffering; that he lost valuable time, incurred liability for medicine and medical aid, and that his earning capacity was diminished for the future. It was invading the province of the jury, erroneous, and prejudicial to the plaintiff in error. Rev. Stats., art. 1317; Gay v. McGuffin, 9 Texas, 501; Golden v. Patterson, 56 Texas, 628; Insurance Co. v. Brown, 82 Texas,

634; Willis v. Hudson, 72 Texas, 608; Railway v. Christman, 65 Texas, 374; Johnson v. Railway, 2 Texas Civ. App., 141; Railway v. Roberts, 2 Texas Civ. App., 111; Costley v. Railway, 70 Texas, 112; Railway v. Pennell, 2 Texas Civ. App., 128; Railway v. Brentford, 79 Texas, 625; Railway v. Kutac, 76 Texas, 478; Railway v. Nixon, 52 Texas, 26; Tel. Co. v. Edsall, 63 Texas, 675; Allen v. Pierson, 60 Texas, 606; McAninch v. Freeman, 69 Texas, 448; Kerlicks v. Meyer, 84 Texas, 158; Railway v. Eckols, 7 Texas Civ. App., 433.

The decree of foreclosure under which the purchaser acquired the property and the decree confirming the sale thereunder constituted the measure of the purchaser's liability, and he can not be burdened with any of the obligations of the old company, or with any of the costs and expenses incurred by the court in the administration of the property, unless charged therewith by the terms of the decree under which he bought. The conditions stipulated in the decree form part of the consideration of the purchase, and define the extent of the burdens assumed by the purchaser. Railway v. Johnson, 14 Sup. Ct. Reporter, 250; Olcott v. Headrick, 141 U. S., 543; Jesup v. Railway, 44 Fed. Rep., 663; Gluck & Becker on Receivers, 422.

A court of equity, administering property committed to its custody pending foreclosure of mortgages thereon and sale thereof, may lawfully decree that the purchaser shall take such property free from all claims except such as shall be established in said court, and may lawfully prescribe a time within which all persons having claims against such trust fund, whether by reason of the obligations of the mortgagor, or by reason of claims against the court's receiver, or other expenses of administration, shall file their claims in said court, and that unless so filed such claims shall not be entitled to participate in the funds realized from such sale, and shall not be a charge upon such property in the hands of the purchaser or his assigns. It is in its nature a proceeding in rem, and upon notice of such proceedings all parties are bound by the disposition made by the court of the funds. Railway v. Johnson, 14 Sup. Ct. Reporter, 250; Coal Co. v. McCreery, 141 U. S., 475; Gluck & Becker on Receivers, 420; Iron Co. v. Car Works, 53 Fed. Rep., 853.

The decrees of the Circuit Court of the United States, under which appellant holds the property, were legitimately and properly made by that court in the exercise of full jurisdiction of the subject matter, and, appellee having notice thereof, they constitute a complete and effectual bar to any action by him against appellant on account of his claim against such receiver. And by refusing to give special charge requested by appellant, set forth in the eleventh assignment of error, the court denied the appellant the title, right, privilege, and immunity claimed by it under such judgments and decrees. These decrees were effectual to deliver the property to the purchaser free from any liabilities whatever incurred in administration, except such as should be established by the Circuit Court under the power for that purpose reserved by it, and they constitute a contract between the court and the purchaser, under which appel-

lant took the property. Railway v. Johnson, 14 Sup. Ct. Reporter, 250. Appellant having acquired the property upon the faith of the decrees under which it was sold, rendered by a court of unquestioned jurisdiction, invokes such decrees in bar of claims arising from the administration of the property by the court, and is entitled to protection under the purchaser's contract with the court. Railway v. Johnson, 14 Sup. Ct. Reporter, 250; Jesup v. Railway, 41 Fed. Rep., 663; Trust Co. v. Railway, recently decided by Circuit Judge McCormick.

The question is not affected by the Texas statute, approved April 2, 1887, relating to receivers. That statute authorized the institution of suits against receivers, without leave of the court controlling them, but it had no application in that regard to receivers appointed by the Federal courts. The Act of Congress, approved March 3, 1887, authorized suits against receivers without leave of court, but it expressly provided that such suits should be subject to the general equity jurisdiction of the court in which said receiver was appointed, so far as the same should be necessary to the ends of justice. This expressly preserved in the Federal courts the power to control receivers appointed by them, and to direct the distribution of funds arising from the sale of property in their custody, among the persons entitled thereto as creditors, or on account of expenses incurred in the administration of the property by receivers, under the general equity jurisdiction of such courts, independent of State statutes upon the subject. Gen. Laws 1887, chap. 131, p. 119; Fordyce v. Beecher, 2 Texas Civ. App., 29; Green v. Creighton, 23 How., 105; Hyde v. Stone, 20 How., 175; Payne v. Hook, 7 Wall., 425.

Nor is the question affected by the provisions of the Texas statutes of 187 (sections 6, 14, 15), declaring in effect, that the earnings of the property, while in the custody of the receiver, shall be applied first to the payment of costs and expenses of the receivership, including all liabilities incurred by the receiver, etc. So far as this statute relates to the payment of claims for damages caused by the receiver in the operation of the property, it is merely declaratory of what the law was before. The statute made it the duty of the court to apply the funds as therein directed, but it did not otherwise prescribe any method for the enforcement of such claims, and certainly did not authorize, or pretend to authorize, suits against the purchaser of property sold under foreclosure to recover claims accruing against the receiver, and did not in any way limit or restrict the power, even of a State court, to sell property in its custody through a receiver, free from all the liabilities of the receivership, or upon any other terms appropriately prescribed by a court of equity, and to require such claimants to look to the funds in court, realized from such sale, for the payment of their claims. Gen. Laws 1887, chap. 131, p. 119; Ryan v. Hays, 62 Texas, 42.

This is a personal judgment against the Houston & Texas Central Railroad Company for a tort which the proof shows that company did not commit, and it fails to show any contractual relations between the parties out of which the company's liability could grow; hence it is not

liable unless made so by express statute. Trust Co. v. Railway, 7 Fed. Rep., 537; Davis v. Duncan, 19 Fed. Rep., 477.

If, then, there is a want of such personal liability on the part of appellant as will authorize this judgment against it, we must look for the court's authority to render it in some statute which prevails against appellant. The Texas act relating to receivers, approved March 19, 1889, amending the Act of 1887, before referred to, does not authorize the judgment in this case against appellant, whatever may be its effect in other cases, for the reason, if for no other, that such act was not passed until long after the decree of foreclosure, the sale in pursuance thereof, the confirmation of such sale, and the conveyance to the purchaser. The purchaser's rights were fixed by the terms of the decrees under which he purchased, and he could not be charged with additional burdens, and required to pay further consideration, by a law passed after the trade was made. Gen. Laws 1889, chap. 59, p. 55.

Even if we assume, for the sake of argument, that the Texas Act of 1889, referred to, has any application to this case, and this we deny, the court was not authorized to instruct the jury to find against appellant after having told them to find for the receiver, because, in this form of action, in which it is not attempted to enforce a lien or equity between the parties already established, the court is authorized in that act to render judgment against the railroad company only in cases in which judgment is finally rendered against the receiver. The personal liability of the railroad company under such statute is made to depend upon judgment being finally rendered against the receiver. Gen. Laws 1889, chap. 59, p. 56.

It is no answer to the foregoing proposition to say that so much of the statute as provides that suits shall not abate when the receiver is discharged, does not apply to receivers in Federal courts, and that therefore no judgment could be rendered against the receiver in this case, and that for that reason it was proper to render the judgment against the company alone. To so hold would be judicial legislation in the face of the statute, and create a personal liability when none exists at common law, or equity, or under the statutes, or the pleadings and evidence. And since it has been held that so much of this statute as provides that the suit shall not abate when the receiver is discharged does not apply to receivers appointed and discharged by the Federal court, it is a reasonable, fair, and consistent construction that the authority to render a personal judgment against the railroad company, in cases provided for by it, applies only to receiverships pending in the State court. Gen. Laws 1889, chap. 59, p. 55; Fordyce v. Beecher, 2 Texas Civ. App., 29.

We maintain as indisputably true that, when property is in the custody of any court for administration under a receivership, it is the duty of all persons claiming to be interested in it, or its earnings, or the proceeds of sale, to go into that court and set up their rights, that they may be adjudicated and determined before the final settlement of the receivership, and failing to do so when they have opportunity, it is not in the

power of any court to afford relief as against the property or its purchasers after the sale and close of the receivership. Trust Co. v. Railway, 30 Fed. Rep., 895; Muller v. Dows, 94 U. S., 444; Brown v. Brown, 71 Texas, 357; Dillingham v. Russell, 73 Texas, 47.

Whether the appellee had an equitable lien, or one fixed by the statute, the Federal court that had the custody of the property was the proper and only tribunal having authority to enforce it, and if his claim to a lien or to priority of payment was not given by statute, then he had no equity until it had been established and awarded to him by that court.

Appellee had abundant time and opportunity to present his claim and have it adjudicated in the court administering the fund. The receivership was open when appellee was injured; it was open when the property was delivered to the purchaser, in April, 1893; and the court retained the cause until October, 1893, for the purpose of hearing and determining all claims against the property, or proceeds of the sale, with power to charge them on the property in the hands of the purchaser, if equitably entitled to such security, until the 1st day of October, 1893. It caused three months notice to be published in the daily papers of Houston and Dallas, on the line of the road, and posted in each station house on the road notices that the cause had been retained for that purpose, and requesting all persons claiming to be interested in the property or its proceeds to present their claims within that time; and yet appellee, with full knowledge of this, refused to assert his claim in a court to which, upon every principle of equity, it was committed, and he is therefore estopped and barred by his laches.

All of the mortgages executed by the Houston & Texas Central Railway Company, and under and through which the Houston & Texas Central Railroad Company, the appellant, claims the road now owned by it, antedated the passage by the Legislature of the State of Texas of those acts known as the "Receiver's Acts," of April 2, 1887, and March 19, 1889; and by virtue of the judgment of foreclosure of said mortgage and the sale and purchase by F. P. Olcott thereunder, and the conveyance by Olcott to appellant, appellant received and now holds all of the property thereby acquired, free from the claim of appellee and all claims of similar character. Fordyce v. Dubose, 26 S. W. Rep., 1050.

The court erred to the prejudice of this defendant in refusing to permit it to offer in evidence the stenographic report of the testimony of the witness Alex. Taylor, taken on a former trial of this cause, which testimony was incorporated in the statement of facts in narrative form. Ballard v. Perry, 28 Texas, 365; Lacoste v. Bexar County, 28 Texas, 420; Powell v. Haley, 28 Texas, 55; Keesey v. Old, 82 Texas, 25; Edwards v. Osman, 84 Texas, 659.

*Ewing & Ring,* for defendant in error.—The receiver being a party to the findings on the cause of action, and therefore bound by them, and his liability being a legal deduction from other facts not controverted, it is not an open question that it was proper practice to render judgment

against him, notwithstanding the verdict in his favor. To this point we cited in our brief Brownsville v. Basse, 43 Texas, 440, referring to pages 445-447 for authorities cited by the counsel in that case; also, McCammant v. Roberts, 87 Texas, 245, in which there had been a jury trial (25 Southwestern Reporter, 731); also, Insurance Company v. Cary (Texas Civil Appeals), 31 Southwestern Reporter, 321, and Adoue v. Tankersley (Texas Civil Appeals), 28 Southwestern Reporter, 346. Since that time, any doubt upon the question has been set at rest by this court in the case of House v. Robertson, decided June 15, 1896 (36 Southwestern Reporter, 251, 253), where the verdict was set aside and judgment rendered for the party thereby on the ground that, as a deduction of law from the uncontroverted facts, he should have had a peremptory instruction for a verdict in his favor, with judgment as a result.

BROWN, ASSOCIATE JUSTICE.—The Circuit Court of the United States at Galveston, Texas, appointed Charles Dillingham receiver of the property of the Houston & Texas Central Railroad Company. The date of the appointment is not material to the question involved. On the 4th day of May, 1888, that court entered a decree ordering that the railroad be sold for the payment of certain bonds which were foreclosed upon it. The property was sold September 8, 1888, being purchased by F. P. Olcott for himself and associates, and the sale was confirmed December 4, 1888, and the court directed a deed to be made to the purchaser, which was done. The purchaser and his associates incorporated the Houston & Texas Central Railroad Company, plaintiff in error, on August 1, 1889, and soon thereafter organized the company with Charles Dillingham as its president. Olcott conveyed the railroad to the newly organized company on April 1, 1890. After the sale was made to Olcott and after he had conveyed the property to the railroad company, Dillingham held possession of the property and operated the road under orders of the Federal court, during which time Martin Strycharski was in the employ of receiver Dillingham and engaged in the discharge of certain duties devolving upon him in connection with a train standing in the railroad yard at the city of Houston. While so engaged he received injuries, for which this suit was brought against Dillingham originally, to which the railroad company was made a party defendant. It is unnecessary to state the facts of the case, but it is sufficient to say that upon material issues necessary to be established by the plaintiff, the testimony was conflicting; and there was proof tending to show contributory negligence on the part of the plaintiff, upon which issue also the testimony was conflicting.

During the pendency of the suit the United States Circuit Court ordered Dillingham to surrender the property to the railroad company to which Olcott had conveyed it, which he did, and thereafter entered his plea in this cause setting up the fact that he had been discharged as receiver, claiming that he was not subject to judgment in favor of the plaintiff in this case. His pleadings set up several defenses to the merits

of the plaintiff's case. The railroad company adopted the pleadings of Dillingham. Both defendants were represented by the same attorneys.

After the evidence had been introduced the court charged the jury generally as to the liability of Dillingham as receiver, but made no mention of the railroad company otherwise than as defendant, and then only by using the plural "defendants." At the request of defendant Dillingham the court instructed the jury, in effect, that the evidence established the fact that Dillingham had been discharged as receiver by the United States Circuit Court and that they would find for him. Under the instructions, the jury found a verdict in favor of the plaintiff against the Houston & Texas Central Railroad Company for $7500 and in favor of Charles Dillingham, receiver. Upon this verdict the court entered judgment in favor of the plaintiff against the railroad company and in favor of Dillingham against the plaintiff. The plaintiff in the court below moved the court to enter judgment in his favor against Dillingham, non obstante veredicto, which motion was overruled.

From the judgment of the court the Houston & Texas Central Railroad Company appealed and the plaintiff below made cross-assignments of error as hereafter stated.

The Court of Civil Appeals affirmed the judgment against the railroad company, but reversed the judgment of the District Court in favor of Charles Dillingham and rendered judgment against him for the same amount as the judgment against the railroad company. Both the Houston & Texas Central Railroad Company and Charles Dillingham applied to this court for writs of error. The application of Charles Dillingham, receiver, is based upon the following assignment of errors: "The Court of Civil Appeals erred in sustaining and holding as well taken defendant's cross-assignments of error 1 and 2, which are as follows:

"1. There was error in the court's charge directing the jury to find in favor of defendant Charles Dillingham as receiver upon his plea in abatement.

"2. The court erred upon the pleadings and uncontroverted evidence in denying the motion of Martin Strycharski for judgment against defendant Charles Dillingham, as receiver, under the verdict returned against his codefendant."

Under this assignment of error the following proposition is submitted: "Where the issues in a case are submitted to the jury and a verdict is directed by the court, it was the duty of the appellate court, if error was committed in such direction, to reverse and remand the cause, and it can not, under the rules of practice in this State, reverse said cause and render a judgment therein."

The authority of the courts of civil appeals to render final judgments in causes wherein they have reversed the judgments of the trial courts is found in the following article of the Revised Statutes:

"Article 1027. When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that ·

some matter of fact be ascertained, or the damage to be assessed or the matter to be decreed is uncertain. In either of which cases the cause shall be remanded for a new trial in the court below."

Whenever there is any material fact necessary to support the case of the party in whose favor the court proposes to render judgment which is disputed in the evidence or which is not established by agreement or by undisputed evidence conclusive in its nature, then, within the meaning of the law, it is necessary that a matter of fact shall be ascertained, and the case belongs to the class which the statute commands the court to remand upon reversal of the judgment of the lower court. The courts of civil appeals, upon reversing judgments of the trial courts, can not enter final judgments unless upon the evidence as it appears in the record one party as a matter of law is entitled to judgment; the evidence must be of that conclusive nature that the trial court should have directed a verdict in favor of that party. The exercise of such authority in cases resting upon facts which are controverted and about which the evidence is conflicting or uncertain would be to usurp the powers conferred upon a jury in the trial of such causes and to deny litigants the constitutional right of trial before a jury. Elliott, App. Proc., secs. 565, 566; Wise v. Williams, 88 Cal., 30; Gay v. Davey, 47 Ohio St., 396; Jones v. Fortune, 128 Ill., 518; Claiborne v. Tanner, 18 Texas, 68.

In the exercise of its appellate jurisdiction, a Court of Civil Appeals may draw from the evidence conclusions of fact different from those arrived at by the jury or judge, and it may reverse the judgment of the lower court and remand the cause for the reason that the verdict and judgment are against the weight of the evidence. But the determination of questions of fact as the basis of a final judgment involves the exercise of original jurisdiction, which has not been conferred upon the courts of civil appeals.

We conclude that the judgment entered by the Court of Civil Appeals against Dillingham as receiver can not be sustained unless, as defendant in error contends, the verdict of the jury against the railroad company is to be given the same effect against Dillingham as against the railroad company. We will examine this ground of support for the judgment.

At the trial of the case in the District Court the judge gave to the jury a general charge submitting to them all of the issues which arose upon the facts between the plaintiff and Dillingham except as to his discharge, but at the request of Dillingham, instructed the jury in substance that he had been discharged as receiver of the railroad company and was not liable to judgment in this case, directing them to return a verdict in his favor, which was done; the jury found against the railroad company in favor of the plaintiff for the sum of $7500, upon which verdict the court entered judgment in favor of the plaintiff against the railroad company and in favor of Dillingham against the plaintiff. After the judgment had been entered up, the plaintiff moved the court to enter judgment in his favor against Dillingham as receiver for the same amount found by the jury against the railroad company, which motion

the court overruled. The following article of the Revised Statutes prescribes the judgment which must be entered after verdict:

"Article 1335. The judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled, either in law or equity."

It is made the duty of the court to enter its judgment in conformity with the verdict, whether it be correct or not, and whether the error in the verdict, if there be any, arose from erroneous instructions or rulings by the court or from a misinterpretation of the evidence by the jury. Claiborne v. Tanner, 18 Texas, 68; Lloyd v. Brinck, 35 Texas, 1; Clark v. Pearce, 80 Texas, 146. The act of the judge in entering judgment upon the verdict is merely ministerial, and he can not disregard the verdict if it is responsive to the issues submitted and in proper form. It follows that the District Court did not commit error in overruling the plaintiff's motion to enter judgment in disregard of the verdict of the jury, and the judgment of the Court of Civil Appeals can not therefore be sustained upon the ground that the District Court should have entered like judgment upon the verdict.

But the cross-assignments of error in the Court of Civil Appeals challenge the correctness of the charge of the court which directed a verdict for Dillingham, and, although no motion for a new trial was made, the Court of Civil Appeals had the authority to reverse the judgment of the District Court if it concluded as a matter of law that the charge was erroneous in its application to the facts of the case; but the question arises, had that court the authority, after reversing the judgment, to enter final judgment against Dillingham?

After stating that it was error in the trial court to direct the jury to find for the receiver, the Court of Civil Appeals in its opinion uses this language: "Though this was done by the verdict of the jury, still the amount found by them for plaintiff is in law a liability of the receiver, and, as the facts are all of record and undisputed, the error can be corrected here." We understand that the court means by this language that the amount assessed by the jury in favor of plaintiff against the railroad company was binding upon the receiver. We also understand that, when the court said that the facts are all of record and undisputed, it referred to the facts bearing upon the discharge of the receiver by the Federal court, and not to the facts upon which the plaintiff relied for his recovery. This is made clear by reference to another part of the opinion in which, after stating several material points which were involved in the case, the court says: "There is a conflict of evidence upon the different points, but of the credibility of the witnesses the jury were the judges."

It is claimed, however, by counsel for the defendant in error, in a forcible argument filed in this court, and we understand that the Court of Civil Appeals acted upon that view of the case, that the jury must have passed upon the evidence relating to the liability of the receiver

to the plaintiff in order to have found a verdict for the plaintiff against the railroad company, and that the receiver, being a party to the suit, is bound by the findings of the jury; in other words, the court assumes that all the facts which were found by the jury relative to the manner and circumstances of the injury, as well as the amount of damages, are true and correct, and to be considered, in determining the case against the receiver, as having the like force as in the case of the railroad company itself. In order to test the correctness of this position, let us suppose that the suit had been against the receiver alone, and after hearing all the evidence the court had charged the jury, as it did in this case, to find for the receiver upon the ground that he had been discharged from the receivership by the Federal court. In that case, the issues made by the evidence upon the question of liability, as well as the defenses of the defendant, would have been withdrawn from the jury, and they would not have been authorized to consider them at all; there would have been no finding upon the facts. The fact that the railroad company is a party to the suit and that the same evidence applied to it as to the receiver does not affect the result so far as the receiver is concerned, for, when the jury was by the court instructed to return a verdict for him, the court virtually discharged the receiver from further care of the case on that trial. While it is true that, in arriving at the verdict against the railroad company, the jury must have weighed the same evidence and reached the same conclusions as if the verdict had been against the receiver, it was not upon issues between plaintiff and the receiver. As to him the evidence relating to the question of liability and amount of damages was withdrawn from the further consideration of the jury. From that time it became a trial of issues by the jury between the plaintiff and the railroad company alone. If the position taken by the defendant in error, and, as we understand, that upon which the Court of Civil Appeals acted, be correct, then we would have this state of case: The judgment of the District Court being in favor of the receiver, he could neither move for a new trial nor appeal from the judgment. He could not ask the Court of Civil Appeals to review the evidence and determine whether or not it was sufficient to entitle the plaintiff to a judgment against him, nor could he call upon it to review the action of the court in giving charges to the jury, or in its ruling upon the admissibility of the evidence, or any other rulings that it might have made during the trial; and yet it would result from this judgment that, being denied these rights, he is to be held bound by the result of a trial between the plaintiff and his codefendant and to be subject to judgment for a sum ascertained by the jury upon issues to the trial of which he was not a party.

We conclude that the Court of Civil Appeals erred in entering judgment against the receiver Dillingham, because he was not bound by the facts as found by the jury, and because the evidence as to his liability to plaintiff was not undisputed and it was necessary to ascertain the facts to determine that question, and for the further reason that the damages

to be adjudged were unliquidated and uncertain and could not be adjudged against the receiver upon the verdict rendered against the railroad company; for which error we reverse the judgment of the Court of Civil Appeals entered against the receiver Dillingham in this case.

We find no error in the judgments of the Court of Civil Appeals and District Court as to the Houston & Texas Central Railroad Company, but as its liability depends upon the same facts as that of the receiver, and also upon whether or not the receiver was originally liable as such, we feel that it is proper, if not necessary, to reverse the judgment as to both plaintiffs in error, if the case is to be remanded as to the receiver. However, the defendant in error has signified his willingness that this court should in such event affirm the judgment of the District Court as to both the railroad company and the receiver.

It is therefore ordered that the judgment of the Court of Civil Appeals entered against Charles Dillingham, receiver, be reversed, and that the judgments of the District Court in favor of Martin Strycharski against the Houston & Texas Central Railroad Company and in favor of Charles Dillingham against Martin Strycharski each be affirmed. It is further ordered that Martin Strycharski pay all costs of this suit, and that the Houston & Texas Central Railroad Company pay the costs of the Court of Civil Appeals.

*Judgment of Court of Civil Appeals reversed as to Dillingham.*
*Judgment of District Court affirmed.*