### DAVIS, Agent, v. DAVIS.   (No. 2480.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 12, 1922.)

**1. Trial &#8743;339(3)—Refusal to receive proper verdict for failure to find amount of damages for one plaintiff held erroneous.**

In view of Rev. St. arts. 1976–1978, 1980–1984, and 1994, relative to the form, reformation, etc., of verdicts and rendition of judgment thereon, the court, in an action for death of decedent's widow, as administratrix, for the benefit of herself, minor son and daughter, erred in refusing to receive a verdict in proper form assessing the damages of each of the parties, because, contrary to instructions, it failed to find some amount for the daughter, and further instructing jury to reconsider; it being the court's duty, if the verdict was not supported by the facts, to set it aside and grant a new trial.

**2. Trial &#8743;339(3)—Refusal to receive verdict modifying original verdict, held erroneous.**

Where the court, in an action for death by decedent's widow, as administratrix, for the benefit of herself, minor son and daughter, refused to receive a verdict finding no amount for the daughter, contrary to instructions, and recommitted the case, whereupon the jury returned a verdict finding a small amount for her, which they deducted from the amount awarded plaintiff, the court erred in refusing to receive the second verdict and again remanding case to jury, even if erroneous, since the whole case, if the first verdict was rejected in toto, was again before the jury, which could return an entirely new verdict, and, if only the issue as to the amount of damages due the daughter was recommitted, the second verdict should have been received as a finding on that issue, and the modification of the sum originally found for plaintiff treated as surplusage.

**3. Appeal and error &#8743;1175(1)—On reversal of judgment on third verdict because of court's erroneous refusal to receive second verdict, judgment will not be rendered on latter verdict.**

In an action for death by decedent's widow, as administratrix, for the benefit of herself, minor son and daughter, the court's refusal to receive a second verdict modifying the original verdict, which failed to find the amount of damages due the daughter, by awarding her a small sum which the jury deducted from the amount theretofore awarded plaintiff, was prejudicial to defendant, and therefore reversible error, where a third verdict assessed an additional sum as damages for the daughter, but the appellate court will not render judgment on the second verdict; Rev. St. art. 1626, authorizing the court, on reversal, to render such judgment as the trial court should have rendered, being applicable only to cases in which both the law and facts require but one judgment, and not to a judgment based on a jury's findings.

**4. Appeal and error &#8743;1175(1)—On reversing judgment on modified verdict, because of erroneous refusal to receive former verdict, court will not render judgment on latter and thus cut off appeal.**

Since no appeal can be prosecuted from a judgment not entered of record, nor from a verdict on which the trial court rendered no judgment, the court, on reversing a judgment entered on a third verdict because of the lower court's error in refusing to receive a second verdict, will not render judgment on the latter, and thus cut off appellee's right to appeal.

Levy, J., dissenting in part.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Mrs. Gertrude Davis, as administratrix of the estate of Frank Davis, against James C. Davis, Agent of the President. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

---

&#8743;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Prendergast & Prendergast, of Marshall, for appellant.

Jones, Sexton & Jones, of Marshall, for appellee.

HODGES, J. In December, 1918, Frank Davis, a fireman in the service of the Texas & Pacific Railway Company, was killed by the derailment of a train on which he was employed. His widow, Mrs. Gertrude Davis, as administratrix, brought this suit for the benefit of herself, her minor son, Elmer Davis, and a daughter, Catherine Davis. A trial in the district court in 1919 resulted in a verdict in favor of Mrs. Davis for $5,500, Elmer Davis for $2,500, and nothing for the daughter. The facts showed that the daughter was 14 years old at the time of her father's death, but she married within a few months thereafter. The case was reversed and remanded for a new trial largely upon the ground that the verdict awarding nothing to Catherine Hamilton was opposed to the undisputed evidence. Davis v. Wight, 218 S. W. 26. In July, 1921, the case was again tried, and resulted in a final judgment as follows: Mrs. Gertrude Davis, $10,000; Elmer Davis, $2,500; Catherine Hamilton, $1,000; aggregating $13,500. From that judgment the Director General had perfected an appeal. The plaintiff below also gave notice of appeal and has presented some assignments of error, but filed no appeal bond.

The record presents an agreed case under the terms of the statute. After summarizing the material facts upon which the suit was based, the proceedings upon the former trial, the appeal and reversal, the agreed statement is, in substance, as follows:

For the purposes of this appeal it is agreed that the evidence was sufficient to sustain a verdict for plaintiff or defendant. The uncontroverted testimony showed that Catherine Davis, now Catherine Hamilton, was the daughter of W. F. Davis, lived with him, was clothed and supported by him, and from him received moral advice and training; that she continued to do a part of the housekeeping up to the time of his death, and afterwards till her marriage, without engaging in any gainful employment.

After the evidence was concluded in the last trial the jury retired and later returned the following verdict:

"We, the jury, find for the plaintiff, and assess the damages as follows: Mrs. Gertrude Davis, $10,000; Catherine Hamilton, ——; Elmer Davis, $2,500; total $12,500."

The court declined to receive that verdict because the jury did not follow the charge, which instructed them that if they found for the plaintiff to award some amount of money to Catherine Hamilton. The plaintiff then and there objected and excepted to the action of the court in refusing to receive the verdict, because the verdict, though inadequate, was regular and complete upon its face. These exceptions and objections were overruled by the court, and the following supplemental charge was given to the jury:

"Having found for the plaintiff in this case, it is your duty under the law to find some amount in favor of Catherine Hamilton. You will therefore consider further and determine from the evidence the amount to which she is entitled, and write in your verdict such amount."

Plaintiff filed objections to the supplemental charge being given, but made no objection to its form or substance. The defendant made no objection to the refusal of the court to receive the verdict or to the supplemental charge being given. Later, and after further deliberation, the jury returned into court a second verdict:

"We, the jury, find for the plaintiff and assess the damages as follows: Mrs. Gertrude Davis, $9,900; Catherine Hamilton, $100; Elmer Davis, $2,500; total, $12,500."

The court declined to receive this verdict, stating to the jury orally that it was in conflict with the supplemental special charge; that the jury had no right to take anything from the amount allowed Mrs. Davis in the former verdict and give it to Mrs. Hamilton. He instructed them to retire and consider the case further. The defendant objected to the jury being sent back, and excepted to the action of the court in refusing to receive the verdict and discharge the jury. The jury retired again and later returned into court a third verdict, which is as follows:

"We, the jury, find for the plaintiff as follows: Mrs. Gertrude Davis, $10,000; Catherine Hamilton, $1,000; Elmer Davis, $2,500; total, $13,500."

Defendant moved the court to enter a judgment upon the second verdict, which the court refused to do, and a judgment was entered upon the last verdict rendered.

In this appeal the defendant below contends that the court should have entered a judgment on the second verdict; that the case should be reversed and a judgment here rendered upon that verdict. It appears from the briefs that the plaintiff below is willing to accept the final judgment, if it should be permitted to stand, but, in the event it is not, she insists that the case should be reversed and remanded for a new trial, instead of having the judgment here rendered upon the second verdict as prayed for by the appellant.

[1] In disposing of the appeal of the Director General we may pass over whatever irregularity there may have been in the refusal of the court to receive and enter a judgment on the first verdict returned by the jury. No objection was made by the appellant, either to the action of the court in requiring the jury to continue their deliberations or to the additional instructions then

given to find some amount for Catherine Hamilton. The controlling question is, After having given those instructions, did the court commit a reversible error in refusing to receive and enter a judgment on the second verdict? Our statute prescribes the powers and duties of trial judges in receiving and entering of record verdicts returned by juries. Rev. St. art. 1976, provides:

"When the jury have agreed upon their verdict, they should be conducted into court by the officer having them in charge, and their names shall be called by the clerk, and they shall deliver their verdict to the clerk."

Article 1977 provides that the verdict shall be in writing and signed by the foreman. Article 1978 requires the clerk to read the verdict aloud and inquire of the jury if such is their verdict, and prescribes a method for polling the jury and ascertaining whether or not all of them assent to the verdict. Article 1980 is as follows:

"If the verdict is informal or defective the court may direct it to be reformed at the bar; and, where there has been a manifest miscalculation of interest the court may direct a computation thereof at the bar; and the verdict may, if the jury assents thereto, be reformed in accordance with such computation."

Article 1981:

"If the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto, and send them back for further deliberation."

Article 1982:

"The verdict of a jury is either a general or a special verdict."

Article 1983:

"A general verdict is one whereby the jury pronounce generally in favor of one or more parties to the suit upon all or any of the issues submitted to them."

Article 1984:

"A special verdict is one where the jury find the facts only on issues made up and submitted to them under the direction of the court."

Article 1994:

"The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

It is manifest from the above that the court should have received the first verdict returned by the jury. It was neither informal nor irregular, and had passed upon all of the issues submitted. It may have been erroneous in failing to find some amount for Catherine Hamilton, but that fact alone did not authorize the court to refuse to receive it. When the jury have returned a verdict in proper form, and which determines all the issues of fact submitted, the court has no discretion in disposing of it. A judgment must then be entered upon what the jury found, and not upon what they should have found. The court has no right, at that stage of the trial, to look to the evidence in order to determine whether the verdict is supported by the facts. Lloyd v. Brink, 35 Tex. 1; Carwile v. Wm. Cameron, 102 Tex. 171, 114 S. W. 100; Hume et al. v. Schintz et al., 90 Tex. 72, 36 S. W. 429. The first verdict, in legal effect, found that Mrs. Catherine Hamilton had not sustained any damages by reason of the death of her father. The correctness of that finding depended on the state of the evidence, and may or may not have been inconsistent with the finding that Davis had been killed as the result of actionable negligence on the part of the railway company. In any event, it was the final conclusion of that jury. If the verdict was erroneous, it was the duty of the court, at the instance of the aggrieved party, to set the finding aside and grant a new trial, so that the issues could be submitted to another jury in another trial.

[2] In disposing of the first verdict the court either rejected it in toto and recommitted all the issues of fact to the jury, or he received it in part and recommitted only the one question—the amount of damages sustained by Catherine Hamilton. If he refused to receive any part of the verdict, then the whole case was again before the jury, and they had the right to reconsider all of the evidence and return an entirely new verdict, without reference to any previous finding. 27 Ruling Case Law, pp. 890, 891. On the other hand, if the court recommitted only the issue as to the amount of damages due Mrs. Hamilton, he should have received the second verdict as a finding upon the only issue which had been submitted. The modification made by the jury of the sum originally found in favor of Mrs. Davis could then have been treated as surplusage, because it related to an issue not before them. In that view of the case a judgment could have been entered on the first finding in favor of Mrs. Davis and Elmer Davis, and upon the second verdict in favor of Mrs. Hamilton. The refusal of the court to receive and enter of record the second verdict tends to show that he intended to recommit the entire case, while the language of the charge indicates the contrary. Without undertaking to pass upon the authority of the trial court, in a case of this kind, to receive a verdict in part and recommit other issues of fact, we think the court erred in refusing to receive and enter a judgment on the second verdict. For, in either view we take of his action, he had the power to finally enter a judgment upon that finding. The fact that either party to the suit might have attacked the verdict as

erroneous is no reason why it should not have been received.

[3] The refusal of the court to receive the second verdict unquestionably led to an enlargement of the damages assessed against the defendant below. For that reason the judgment must be reversed. The appellant insists that a judgment should here be rendered on the second verdict. That contention is based upon the provisions of article 1626 of the Revised Civil Statutes, which authorizes this court, in reversing cases, to render such a judgment as the trial court should have rendered. That statute has no application to a situation of this kind. It refers to cases in which both the law and the facts require but one kind of a judgment to be rendered. A judgment based upon the findings of a jury cannot be reversed and rendered in this court without also setting aside the verdict upon which the judgment was based and substituting therefor a contrary finding upon the issues of fact. H. & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415.

[4] To reverse this case and render a judgment on the second verdict would effectually cut off any right which the opposing party might have on appeal to question the correctness of that verdict, or its sufficiency as compensation for the damages claimed. No appeal can be prosecuted from a judgment that has not been entered of record. Daniel v. Daniel, 128 S. W. 470; Cyrus v. Hicks, 20 Tex. 483; Hubbart v. Willis State Bank, 55 Tex. Civ. App. 504, 119 S. W. 711. For the same, if not a stronger, reason, no appeal can be prosecuted from a verdict upon which the trial court has rendered no judgment. We cannot thus destroy the right of appeal from that verdict.

The judgment will therefore be reversed and the cause remanded for a new trial.

LEVY, J. I agree to the conclusion as to the result of the appeal on the ground that there was error in not accepting and entering of record the second verdict of the jury. Article 1980 expressly empowers the judge to send the jury "back for further deliberation" when the verdict offered by the jury is not responsive, as here, to the issues as submitted in the court's charge. Therefore the first verdict of the jury was not legally complete until accepted by the court for record. And having the power, as the court did, to refer the matter to the jury for the correction in the particular mentioned, they had the right, in deciding and correcting the omitted issue, to reconsider and alter their first verdict, if they so agree, as matters exclusively within their province. The authority of the jury "for further deliberation" under the statute is unrestricted.