## FORT WORTH & DENVER CITY RY. CO. v. LOWRIE. (No. 10889.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 13, 1924. Rehearing Denied March 28, 1925.)

**I. Railroads ⬤➡444—Attorney's fees not recoverable as costs, where jury not awarding amount claimed by plaintiff.**

In suit for $100 for value of bull killed by train, for which amount claim had been presented, no attorney's fees were recoverable under Rev. St. art. 2178, unless jury found animal to be of that value, and, where jury at first found that animal was of reasonable market value of $85, and it was only in effort to so frame their verdict that it would be acceptable to trial court, and at the same time award plaintiff $85 as damages and $20 as attorney's fees that verdict for $100 for animal and $5 for attorney's fees was agreed on, judgment thereon was erroneous.

On Motion for Rehearing.

**2. Appeal and error ⬤➡1176(5) — Appellate court not authorized on reversal to reform and affirm judgment as to amount awarded by verdict which court did not receive.**

On reversal of judgment in suit against railroad for killing of plaintiff's bull, because of erroneous inclusion of attorney's fees in verdict, appellate court was not authorized to reform judgment and affirm it as to amount awarded for value of bull by verdict which court had declined to receive, in view of Rev. St. arts. 1626, 1976, 1981, but could remand cause with instructions to record verdict first returned and enter judgment thereon.

**3. Judgment ⬤➡198—Jury's verdict not basis of judgment until received by court.**

While court may receive and read verdict returned by jury, it must receive it before it can become basis of a judgment.

Appeal from Montague County Court; H. S. Calaway, Judge.

Action by Z. T. Lowrie against the Fort Worth & Denver City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

J. M. Donald, of Bowie, for appellant.
Homer B. Latham, of Bowie, for appellee.

BUCK, J. Plaintiff, Z. T. Lowrie, filed suit in the justice court of Montague county against the appellant for the death of a bull, alleged to have been killed by the defendant company while on its right of way on or about October 15, 1921. He alleged the bull was of the market value of $100, and asked for attorney's fee in the sum of $20. He alleged that more than 30 days prior to the filing of the suit he had presented his claim for damages to the defendant, and that said claim had been denied, and he had been compelled to employ an attorney to prosecute the suit. Plaintiff recovered in the justice court the amount sued for, including $20 as attorney's fee, and defendant appealed to the county court. It appears that there the jury returned the following verdict:

"We, the jury, find for the plaintiff in the sum of $85, with an additional $20 for attorney's fee."

Thereupon, at the suggestion of plaintiff's counsel, and over objection of defendant's counsel, the court informed the jury that said verdict was improper, in that they could not award attorney's fee unless they found for plaintiff $100. Thereafter, over defendant's objection, the jury withdrew, and within a short time brought into court the following verdict:

"Following further advice from the judge, we change our verdict to read: 'We, the jury, find for the plaintiff in the sum of $105.'"

Thereupon, over the objection of defendant, the trial court directed the jury to return to the jury room and write out any question they wished to ask, and, over the objection of the defendant, the jury did retire and wrote the following question to the court and brought it into the courtroom and handed it to the judge:

"Please advise us as to how to write out a verdict when we wish the plaintiff to receive $85 compensation for his bull, and wish the defendant to pay the $20 attorney's fee."

Thereupon, over the objection of the defendant, the judge wrote the following, and handed it to the jury:

"Gentlemen of the jury: You are instructed further as follows, as per your request: You should render a verdict in one sum, whatever that may be, for the animal, and you cannot find for attorney's fee, unless you find for the plaintiff in the amount sued for.
                    "H. S. Calaway, Judge."

Thereafter the jury again returned into the courtroom, and, over objection of the defendant, the judge wrote the following and handed it to the jury:

"Gentlemen, you are further instructed that you must find an amount for the bull himself, and, if that amount is equal to $100 then you can allow an attorney's fee in any sum you see fit not to exceed $20. If you find an attorney's fee, make your verdict for the sum of so much for the animal and so much for attorney's fee."

Thereafter the jury returned into the courtroom with the following verdict:

"We, the jury, find for the plaintiff, in the sum of $100 for the animal, and $5 for attorney's fee."

And judgment was so entered over the objection of counsel for the defendant.

[1] We think the assignment complaining of this error requires a reversal of the judgment. It is evident that the jury found, at first, that the animal killed was of the reasonable market value of $85, and it was only after repeated efforts to so frame their verdict that it would be acceptable to the trial court, and at the same time award the plaintiff damages in the sum of $85 for said animal and in addition $20 as attorney's fee, that the verdict finally returned was agreed upon. Article 2178, Rev. Statutes, reads in part as follows:

"Hereafter, any person in this state having a valid, bona fide claim against any person or corporation doing business in this state, for personal services rendered * * * or for stock killed or injured by such person or corporation, its agents or employees, may present the same to such person or corporation or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court; and if he shall finally establish his claim, and obtain judgment for the full amount thereof, as presented for payment to such person or corporation in such court, he shall be entitled to recover the amount of such claim and all costs of suit, and, in addition thereto, a reasonable amount as attorney's fees, provided, he has an attorney employed in the case, not to exceed twenty dollars, to be determined by the court or jury trying the case."

Therefore no attorney's fee was recoverable in the instant case unless the jury found the reasonable market value of the animal killed to be at least the amount presented in the claim filed with the defendant before the filing suit. Moreover, since the plaintiff recovered $100 damages and $20 as attorney's fee in the justice court, he would be cast for the costs of the county court by the reduction of the amount recovered. Article 2046, Revised Statutes. In view of the jury's evident and expressed purpose to return a verdict for the plaintiff for $85 damages and $20 attorney's fee, in no event could the judgment below be affirmed for more than $85, with costs of this court and of the county court awarded against appellee. We would be so inclined, at least upon a remittitur being filed, if it were not for some other questions presenting possible error, which will not likely occur on another

**Tex.)** **FORT. WORTH & DENVER CITY RY. CO. v. LOWRIE** 265.

(271 S.W.)

trial. Hence the judgment below is reversed and the cause remanded.

### On Motion for Rehearing.

[2] Appellant urges us to reform the judgment below so that it will be for $85 and affirm it for such amount, adjudging the costs of this court and of the county court against appellee. Appellant took a bill of exception to the action of the trial court in sending the jury back to the jury room to further consider their verdict on the occasion of the return of the first and the second verdict, and, further, to the instructions of the court given to the jury at the time. But can this court render judgment on either the first or the second verdict returned into open court, when that verdict was not in fact received by the judge? We think not. Appellant cites us to articles 1976 and 1981, Rev. Civ. Statutes, and also article 1626, which are as follows:

Art. 1976: "When the jury have agreed upon their verdict, they shall be conducted into court by the officer having them in charge, and their names shall be called by the clerk, and they shall deliver their verdict to the clerk."

Art. 1981: "If the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto, and send them back for further deliberation."

Art. 1626: "When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below."

The case of North American Insurance Co. v. Jenkins (Tex. Civ. App.) 184 S. W. 307, relied on by appellant, we do not think supports appellant's contention. There the county court, in a case appealed from the justice court, rendered judgment for $240, the excess of the justice court's jurisdiction consisting of additional items, such as attorney's fee, penalty, etc., not included in the action as asserted in the justice court. The Galveston Court of Civil Appeals reformed the judgment by rendering judgment for $200, the amount sued for and recovered in the justice court. But in that case a judgment was in fact rendered upon a verdict of the jury returned into open court and received by the court. In the instant case neither the first nor the second verdict was received by the court, and, so far as the record before us is concerned, neither finding can form the basis for a judgment by this court for the value of the animal therein found. In the case of Davis v. Davis, 237 S. W. 619, the Texarkana court reversed a judgment by reason of the trial court's action in sending back the jury when the verdict first returned should have been received, as held, and remanded the cause. The court said:

"To reverse this case and render a judgment on the second verdict would effectually cut off any right which the opposing party might have on appeal to question the correctness of that verdict, or its sufficiency as compensation for the damages claimed. No appeal can be prosecuted from a judgment that has not been entered of record. Daniel v. Daniel, 128 S. W. 470; Cyrus v. Hicks, 20 Tex. 483; Hubbart v. Willis State Bank, 55 Tex. Civ. App. 504, 119 S. W. 711. For the same, if not a stronger, reason no appeal can be prosecuted from a verdict upon which the trial court has rendered no judgment. We cannot thus destroy the right of appeal from that verdict."

The case of H. & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415, was one where the trial court had rendered judgment for plaintiff against the defendant railway, but for the receiver who had been discharged. The Court of Civil Appeals reformed the judgment by rendering judgment against the receiver also. The Supreme Court reversed the judgment of the Court of Civil Appeals and rendered judgment for the receiver.

27 R. C. L. p. 835, § 3, says:

"There is no legal verdict but a public verdict delivered openly in court. The law requires the double safeguard against mistake; first, the delivery of the verdict by the foreman as the organ of the jury, by word of mouth, in open court, under the sense of responsibility attending such an utterance in the face of the court and of the public, * * * and, second, the proclamation by the clerk of that verdict, as understood and recorded by the court."

[3] Of course, under our practice, the court may receive and read the verdict returned by the jury, but the court must receive it before it can become the basis of a judgment. But we think we are authorized to reverse the judgment and remand the cause to the trial court, with instructions to record the verdict as first returned by the jury, and to enter judgment for plaintiff for $85, and it is so ordered. Then, if either party has cause to ask for a new trial, the court may hear and consider the same. We believe this action is in accordance with the authorities, and will be justice to both parties.