TEXAS & P. RY. CO. et al. v. CROWDER et. al.

(Court of Civil Appeals of Texas. El Paso. April 10, 1913. Rehearing Denied May 29, 1913.)

1. CARRIERS (§ 228*)—SHIPMENT OF LIVE STOCK — ACTIONS — SUFFICIENCY OF EVIDENCE.

In an action against a carrier for negligence and delay in transporting a shipment of mules, the testimony of a witness that the reasonable market value of such mules, at the point of destination in the condition they would have been in, was from $50 to $60 was not sufficient proof of the value of the mules or the damages sustained.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

2. CARRIERS (§ 229*) — SHIPMENT OF LIVE STOCK—NEGLIGENCE AND DELAY—MEASURE OF DAMAGES.

The measure of damages recoverable for negligence and delay, on the part of a carrier in transporting a shipment of mules, was the difference in their market value at the time and in the condition in which they arrived at their destination and their market value at the time

and in the condition in which they would have arrived if handled with ordinary care and diligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

3. EVIDENCE (§ 472*)—FACTS OR CONCLUSIONS.

In an action against a carrier for delay in transporting a shipment of live stock, it was error to permit a witness to testify as to what would be a reasonable time for the transportation of such a shipment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2186–2195, 2248; Dec. Dig. § 472.*]

4. APPEAL AND ERROR (§ 1173*)—REVERSAL AS TO ONE OR MORE DEFENDANTS.

Where plaintiff recovered against two defendants, and a verdict was directed for the third defendant, the setting aside of the final judgment on the appeal of the defendants against whom plaintiff recovered set it aside as to all, as there can be but one final judgment; and hence the court could not affirm as to the third defendant, although no error was assigned to the court's action in directing a verdict for it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572, 4656; Dec. Dig. § 1173.*]

Appeal from Martin County Court; J. Turner Vance, Judge.

Action by T. S. Crowder and another against the Texas & Pacific Railway Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Douthit & Smith and H. C. Hughes, both of Sweetwater, and Alexander S. Coke, of Dallas, for appellants. Capps, Cantey, Hanger & Short and Wm. L. Evans, all of Ft. Worth, and A. L. Green, of Stanton, for appellees.

HARPER, J. This suit was brought by Crowder and Flanagan against the Texas & Pacific Railway Company and connecting roads, in the county court of Martin County, Tex., alleging as cause of action that they delivered to the Missouri, Kansas & Texas Railway Company, at Itasca, Tex., 40 mules to be transported to Stanton, in Martin county, by and through the connecting carriers; that by reason of rough handling they became bruised and skinned, and that they negligently and unreasonably delayed them in transit; that they were, against plaintiffs' wishes, dipped in crude oil or other solution, which damaged them in that it caused them to become weak and unfit for transportation; that thereafter they were delivered to the Texas & Pacific Railway Company, which failed to promptly transport them to their destination, and failed to water and feed them, by reason of which they were greatly damaged, and that eight of them died, etc., for which they prayed damages in the sum of $927.50. Defendant Texas & Pacific Railway Company and the others plead general denial, and specially plead that if plaintiffs' mules were injured in the course of trans-

portation over its lines, it was because they were poor and weak and not able to stand the shipment, and, further, that if injured, that it was on account of being dipped as required by the quarantine regulations; further plead a release from damages on account of dipping. Tried by a jury, and verdict for plaintiffs for $810, $480 against the Missouri, Kansas & Texas Railway Company of Texas, and $330 against the Texas & Pacific Railway Company, instructed verdict for the Belt Railway Company, from which this appeal is perfected.

[1, 2] The first assignment of error charges that: "The court erred to the prejudice of the defendants in overruling defendants' amended motion for new trial, for the reason that there was no testimony adduced in evidence showing the market value of the mules involved at the time and in the condition in which they were delivered to the plaintiffs at Stanton, Tex., the destination." The plaintiff Crowder testified: "I know the reasonable market value of mules, such as these mules was in Stanton on the 26th or 27th day of April, 1911, in the condition these mules would have been in under these circumstances. The mules varied in price some. Them mules would have been worth $55; all the way from fifty to sixty dollars" —and this is all the testimony shown by the statement of facts upon the measure of damages or value of the mules in question. It will be seen that this evidence falls far short of proof of the measure of damages fixed by law to govern in such cases, viz.: "The difference, if any, in the market value of said cattle at the time and in the condition in which they arrived at their destination, and their market value at the time and in the condition in which they would have arrived at their destination handled with ordinary care and diligence."

What is said in regard to this assignment disposes of the second and fifth assignments, which raise the same question in regard to the evidence and the charge of the court, because there was no evidence upon which to base the charge.

[3] The third and fourth assignments complain that: "The court erred to the prejudice of the defendants in admitting in evidence the testimony of T. S. Crowder, one of the plaintiffs, to the effect that 20 hours was a reasonable time for the transportation of live stock from Ft. Worth to Stanton, Tex., over the line of the Texas & Pacific Railway." Fourth assignment: "The court erred to the prejudice of the defendants in admitting in evidence, over the objections of the defendants, the testimony of T. S. Crowder, one of the plaintiffs, to the effect that 23 hours would be a reasonable time for the transportation of a car of mules from Itasca via Ft. Worth to Stanton over defendants' lines of railways." In the case

of H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808, is a full discussion of the same question. It is there held that it was error for the court to permit the witness to give the testimony.

[4] Appellee Ft. Worth Belt Railway Company having had an instructed verdict in the court below, and no error having been assigned to the action of the court, suggests that the case should be affirmed as to it. But the question is settled, so far as we are concerned, that a setting aside of final judgment as against one of several defendants on appeal sets it aside as to all, because there can be only one final judgment. Danner v. Walker-Smith Co., 154 S. W. 295.

For the errors indicated the cause is reversed and remanded for a new trial.