DAVIS v. WIGHT et al. (No. 2205.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 28, 1920. Rehearing Denied Feb. 5, 1920.)

1. DEATH ⊙⇒18(3) — MINOR DAUGHTER, THOUGH MARRIED, ENTITLED TO DAMAGES UNDER FEDERAL EMPLOYERS' LIABILITY ACT FOR FATHER'S DEATH.

A minor daughter who married a few months after the death of her father, a locomotive fireman, is, where the railroad is liable under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), entitled to some damages at least up to the time of her marriage, and the denial of any recovery is error.

2. APPEAL AND ERROR ⊙⇒1173(1)—JUDGMENT FOR ACTION UNDER FEDERAL EMPLOYERS' LIABILITY ACT MUST BE REVERSED WHERE ONE BENEFICIARY WAS IMPROPERLY DENIED DAMAGES.

In an action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) by a widow, as administratrix, for the benefit of heirs and minor children a judgment which awarded damages in favor of the widow and a minor son, but denied all recovery to a minor daughter who had married shortly after the death of her father, is error necessitating reversal of the entire judgment and a remand, for rule 62a is not applicable, the issue of negligence being a single one applicable to all of the beneficiary plaintiffs jointly, and not singly.

3. DEATH ⊙⇒42 — ALL BENEFICIARIES MUST JOIN IN ACTION UNDER FEDERAL EMPLOYERS' LIABILITY ACT.

In a death action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), all beneficiaries must be joined in a single suit, and thus the question of negligence vel non must be determined as to all.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Mrs. Gertude Davis, as administratrix, against Pearl Wight, receiver, and others. From a judgment denying part of the relief sought, plaintiff appeals. Reversed and remanded.

Jones, Sexton, Casey & Jones, of Marshall, for appellant.

Prendergast & Prendergast and Hall, Brown & Hall, all of Marshall, for appellees.

LEVY, J. The appellant brought the suit for damages in her behalf as the wife and for the minor children of W. Frank Davis, deceased, under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). W. Frank Davis was a locomotive fireman on the appellees' interstate train, and was killed in the derailment and wreck of the locomotive. The trial resulted in a verdict of the jury as follows:

"We, the jury, find for the plaintiff and assess the damages as follows: For Mrs. Gertrude Davis, $5,500; for Elmer Davis, $2,500; for Mrs. Catherine Hamilton, blank dollars—making a total of $8,000.

"Richard Fowler, Foreman."

The court submitted the case to the jury in a charge authorizing a recovery in the event of a finding of negligence on the part of the defendants in having a low joint in the track or in having defective ties that caused the track to spread. The evidence showed that the deceased was 43 years old and had a life expectancy of 26 years. At the time of his death he was a locomotive fireman and extra engineer, earning from $175 to $220 a month. Mrs. Davis was the wife and Elmer Davis a minor son of 11 years of age, and Catherine Davis was a daughter 14 years old. Catherine Davis married Mr. Hamilton about 4 months after the death of her father. The uncontroverted proof showed that the two children were living with their parents and were wholly dependent upon the deceased for support at the time of his death, and that the deceased looked after them and took much interest in the welfare and training of his children.

[1-3] The first assignment of error is that the court should have granted a new trial, because the verdict of the jury finding that the daughter, Catherine, was not entitled to recover any damages was contrary to and unsupported by the evidence. The daughter was entitled, we think, to recover some amount up to the date of her marriage. The assignment of error therefore should, we conclude, be sustained. And it is further determined that this error necessitates a reversal of the entire judgment and remanding the cause for another trial; for we think rule 62a (149 S. W. x) is not applicable in this case. The issue of amount of damages to the minor daughter is not the only controversy. There is the issue of negligence involved, which is not a severable controversy in the case. All the beneficiaries are required by law to be joined in one suit, and the issue of negligence vel non in the suit is a single one applicable for recovery to all the beneficiary plaintiffs jointly, and not singly. Therefore only one judgment can be entered in the case. Railway Co. v. Crowder, 157 S. W. 281.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes