Crockett v. Robinson.

JOHN M. CROCKETT, EXECUTOR, v. JOHN B. ROBINSON.

Under the Act of January 21st, 1850, (Hart. Dig. Art. 2229,) which gave to colonists in Peters' colony a priority to the section of land including their improvements, such priority was not confined to cases where the colonist resided on the particular section, but extended to cases where the colonist resided on an adjoining section, selected by another colonist, and had improvements including land in cultivation on the section selected by himself.

Error from Dallas. Tried below before E. P. Nicholson, Esq., appointed by the parties.

Suit by George L. Lenard, appellant's testator, against John B. Robinson, to recover Section twenty-nine, in Township one, south of the first base line, Range one, east of the principal meridian, in Peters' colony. Answer of not guilty and general denial. At the trial, after hearing the evidence, the jury was waived, and the Court gave judgment for the defendant. There was a bill of exceptions as follows:—

Be it remembered, that on the trial of this cause, the plaintiff, after introducing in evidence the colony law and contracts, his colony certificate and file with Hedgecoxe, in transcript from the General Land Office, and his survey, proposed to prove by a witness that the plaintiff had tenants upon the section of land in controversy all the time after he was put in possession of it, and that those tenants were sometimes his own hands, (negroes and children,) cultivating it for himself, and sometimes renters, who paid their rents to him; that plaintiff resided, from the time he was put in possession of said section of land, upon an adjoining section, claimed by one Mrs. Robinson, a widow, and sister of plaintiff; that he and the said widow occupied the same house, and that he resided there from a short time after he settled in the colony till his death, in the winter of 1854; that it was a custom of Peters' colony, and that the agents of the company so disposed the settlers as to place two settlers upon two sections, and let them settle as they pleased and divide the sections as they thought proper, and that frequently both settlers lived on one section and divided the other, and that this is a prairie country and sparsely interspersed with timber; that Mrs. Robinson was entitled to land as a colonist, and lived on her said section until her death; that all of the section in controversy is in the prairie, and the section of Mrs. Robinson principally in the timber; that plaintiff continued to improve said section of land (29) by building and enlarging his farm after 1st July, 1848, and until Robinson (defendant) surveyed upon it. All of which evidence was ruled out by the Court; to which ruling the plaintiff excepts, &c.

There was no statement of facts, but the certificates and surveys under which each party claimed were copied in the transcript, and showed that plaintiff was entitled to the land, unless his priority was defeated by the fact of his residence not being on the section in controversy.

*J. M. Crockett,* for plaintiff in error.

WHEELER, J.   The ground on which the plaintiff's evidence was excluded evidently was, that his residence was outside of the lines of the section of land which he claimed as a colonist.   It included his improvements, but not his residence ; and the question is, whether, where the house and improvements were upon different sections, the claimant was confined to that on which his house was situated, or might select that which included his improvements, though his house was upon the adjoining section. The decision of the question depends mainly on the construction to be given to the 1st Section of the Act of the 21st of January, 1850, (Hart. Dig. Art. 2229,) which declares that " all actual settlers who have emigrated to this State as colonists, and settled within the limits of the colony," shall be entitled to the quantity of land as therein provided ; that is, " each head of a family shall be entitled to six hundred and forty acres of land, including his or her improvements," &c.   Upon obtaining their certificates, as provided in the Act, the settlers had a right so to apply them as to include their improvements.   Of what must these improvements consist ?   If we look at the Act of 1841 and the Joint Resolution of 1843, under which the contracts to colonize this territory were made, we shall find that by the former the colonists were required to have built a cabin, and kept in cultivation and under a good fence at least fifteen acres on the tract received by them ; (Hart. Dig. Art. 2012 ;) and by the latter the contractors were required to have surveyed in sections and built cabins on the land, and placed families therein ; and the families were required to inclose and cultivate fifteen acres for at least three years.   (Hart. Dig. Art. 2103.)   These were the improvements contemplated by the laws and contracts of colonization. But the Act of 1850 adopted a new and more liberal policy in respect to the colonists.   It dispensed with residence upon the land they should select, and only required that they should have emigrated to the State as colonists, and settled within the limits of the colony. (Hart. Dig. Art. 2229.)   In making their selections, it gave them the right to include their improvements.   But as it did not make their rights to land in any degree to depend, as by the former laws they were made to depend, upon their improvements, it cannot fairly be inferred, nor is it believed ever to have been supposed, that it was intended that, to entitle them to

include their improvements, they must have been such as were required by the former laws, in order to entitle the colonists to land. There is nothing in the provisions of the Act to favor such a supposition. Nor do we see anything in its provisions which necessarily required a residence upon the land as an indispensable constituent of the improvements they were entitled to include in making their selection. Doubtless the farm and residence were generally upon the same section; but we do not perceive that this must necessarily have been the case. If such a custom existed, in disposing of the colonists, as the plaintiff proposed to prove, it was not always the case. Such a custom, moreover, would probably be known to the Legislature; and if they had intended to require the claimant, in all cases, to include his residence, they would probably have so expressed it in the law. It was evidently intended that the selection should be confined to the surveys previously made, where, as in this case, the land had been sectionized. (Id. Art. 2234, 2238.) And if, having respect to the previous surveys, the residence and farm, or other improvements, could not both be included, no good reason is perceived why the claimant should be required to include the former rather than the latter. It will not be contended that in that event he would be entitled to include neither, in preference to the holder of a certificate who had no improvement upon the section on which either the residence or farm was situated. The plaintiff proposed to prove that he had been put in possession of this section by the agent of the colony contractors. If the field-notes of the former survey had been accessible, they might have been annexed by the Commissioner to the entry he was required to make of the plaintiff's claim, and thus a resurvey would have been dispensed with. (Id. Art. 2236, 2237, 2238, 2239.) The act of the Commissioner would then have been an appropriation in favor of the plaintiff of this particular land; to which, it is conceived, it must have been held the plaintiff was entitled. We conclude it was not absolutely indispensable to the plaintiff's right to select the section on which his improvements were, and so to include his improvements, that his residence should have been upon that section; and, consequently, that there was error in excluding the evidence offered by the plaintiff; for which the judgment must be reversed and the cause remanded.

                                        Reversed and remanded.