PHELAN, impl'd with VILLARD & GREELEY v. GANE-
BIN.

1.  Under the Code (§ 150) the clerks of the District Courts are authorized
to enter up judgments in vacation. The theory upon which judgments are so
entered is that the judgment is the sentence which the law itself pronounces
as a sequence of statutory condition.

2.  In the absence of specific statutory directions, where the property and
business of a corporation is under control of a receiver, the receiver is the
proper person upon whom service should be had to bring the corporation in
as a garnishee.

3.  The fact of a receiver of a railway corporation being non-resident is
immaterial, where the receiver is operating a portion of the railway within
the jurisdiction of the court issuing the garnishee process, and where the sum
due the judgment debtor is payable.

4.  When the court appointing the receiver is in another State than the
court out of which the garnishee process issued, it is not incumbent on the
latter court to ask leave of the former before issuing such process.

5.  A receiver is amenable to garnishee process in the absence of statutory
provision, and when the process does not tend to disturb his rights under the
general orders of the appointing court.

*Appeal from District Court of Arapahoe County.*

ELMIRA L. GANEBIN, the appellee, obtained judgment in the
district court of Arapahoe county, July 13th, 1878, against
Phelan, for the sum of $525.03. The plaintiff procured
garnishee process to be issued and served upon Villard and Gree-
ley, receivers of the Kansas Pacific Railway Company, who were
required to appear upon a day named before a referee. The
finding of the referee was to the effect that Villard and Greeley,
as receivers, were indebted to Phelan, in the sum of $469.15,
and ordered that they as receivers, apply that amount toward
the satisfaction of the judgment in favor of the plaintiff.
Afterward Villard and Greeley appeared in the district court,
and moved the vacation of the referee's report upon the
grounds stated in the opinion; the motion was denied, the re-
port confirmed, and Villard and Greeley appealed to this court.

Messrs. JACOBSON & DEVEREUX, for appellants.

Mr. ISAAC E. BARNUM, for appellee.

STONE, J. Whether, under that section of the constitution which declares that all judicial power shall be vested in certain designated courts, it is competent for the legislative assembly to authorize clerks of the district courts to enter judgments in vacation in the cases provided in section 150 ot the Code, is a question we do not deem it necessary to discuss at length. That the courts of many of the States have acted under similar statutory provisions for many years past, and that the validity of such judgments, has been upheld by repeated decisions of the highest courts of the Code States would be sufficient to set at rest the question with us. Suffice it to say that the theory upon which judgments in such cases are founded, is that the judgment is the sentence which the law itself pronounces as the sequence of statutory conditions. The clerk has no judicial functions; the statute directs the judg-ment. The clerk acts as the agent of the statute in entering such judgment upon the records of the court. Freeman on Judgments, Sec. 129. And the judgment, though in fact entered by the clerk, is, in the consideration of the law, what it purports on its face to be, namely: the act and determina-tion of the court itself. *Wells* v. *Morton*, 10 Wis. 473. The objection raised to the affidavit of Haynes for the order of garnishment is too merely technical to weigh against the validity of the court's order and the subsequent proceedings thereunder. The garnishees were described in the affidavit as " Receivers of the Kansas Pacific Railway (or railroad) Com-pany." The words (or railroad), used as they are in paren-thesis, may be rejected as surplusage, since their use renders the description of the corporation neither more nor less cer-tain than if they had been omitted.

Another objection made by appellant is, as to the sufficiency of service upon the garnishees. The return of the officer is as follows :

STATE OF COLORADO, } ss.
 Arapahoe County, }

I have duly executed the within by delivering a true copy of both the within writs to J. T. Odell, agent of Henry Villard and C. L. Greeley, receivers of the Kansas Pacific Railway (or railroad) company, on the twentieth day of July, A. D. 1878.

D. J. COOK, Sheriff,

By W. A. SMITH, Under Sheriff.

By statutory provision, service is made upon railway and other corporations, by serving the president of such corporation, if he may be found in the county; but if not, then service made upon other and subordinate officers, or upon agents and stockholders. In the absence of specific statutory directions, in case the property and business of such corporation is under control of a receiver, we think upon principle, the same rule as to the mode of service may apply. The receiver, as the agent of the court which has appointed him, and under its supervising control and authority, displaces the general officers of the corporation. The agents, in carrying on the business thereafter, become his agents; and such agents stand in a like relation to the receiver as they formerly stood to the managing officers of the corporation. It may be that an entirely different class of proceedings would require a different rule; as, for example, a suit brought to the court by whom the receiver was appointed, and for a purpose affecting the receiver himself as such, or the disposition of the property in his hands as fixed in its status by the court's order; but in the case before us, we are inclined to regard the return of the officer, that he made service upon an agent of the receivers as showing a sufficient service, unless the fact of the agency were controverted by the garnishees themselves.

Another point made by appellants against the regularity of the proceedings in the court below, is that the said receivers, being non-residents of the State, cannot be held as garnishees. While this rule may be true when applied to persons proceeded against in their individual capacity, the case here presents a

different aspect. The receivers were made parties as garnish-ees in their official or representative capacity, and where a portion of the railway was operated by such receivers within this State and within the jurisdiction of the court below, where the sum due the judgment debtor was owing and payable by the receivers, the jurisdiction attached. Another point relied upon by appellants, is that the court below had no authority to proceed against the receivers as garnishees, without leave first granted therefor by the court appointing such receivers.

This objection to the regularity of the proceedings would be not without force, were such proceedings instituted within the territorial jurisdiction of the appointing court, but since, as appears by the stipulation in the record, such court is in the State of Kansas, it was not incumbent upon the court below to obtain such leave of a court in another State. *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353; *Folger* v. *Columbian Ins. Co.* 99 Mass. 276; *Paige* v. *Smith et al.* Ibid, 395; *Fithian* v. *N. Y. & E. R. R. Co.* 31 Pa. 114. And even where such leave may properly be sought, the failure to ask or obtain such leave involves no more than a contempt of the equity court, but is no bar to the jurisdiction of the court of law, and no defense to an otherwise legal action on the trial. *Kinney* v. *Crocker*, receiver, 18 Wis. 83; *Chautauque County Bank* v. *Risley*, 19 N. Y. 377. We have examined several cases cited in support of the doctrine that receivers are not amenable to garnishee process, but it will be found that the decisions in those cases rest either upon the statutory law of the State exempting receivers from such process, *Columbian Book Co.* v. *De Gollyer*, 115 Mass. 69; or upon the ground that the effect of the judgment would be to disturb the possession of the property, or of some specific fund placed in the hands of the receiver by the appointing court, and where such property or fund was claimed by different sets of creditors and claim-ants awaiting final disposition of the property and fund by the court under whose order it was held by the receiver; *Taylor et al.* v. *Gillian et al.* 23 Texas, 508; *Field et al.* v. *Jones*

2

*et al.* 11 Geo. 417, or where the receiver was appointed, not to continue the business, but merely to sell the property and apply the proceeds under order of the court. *Hooper* v. *Winston*, 24 Ill. 354.

In the case before us the proofs taken by the referee show that the sum due the judgment debtor, with which the receivers were charged as garnishees, was due him as monthly payments or allowances under the operating department of the business of the railway, and hence the application of that sum upon the judgment against the creditor of the receiver, to whom it would have been paid but for the garnishee process, in no way tends to disturb the rights of the receiver under the general orders of the appointing court, by which he is authorized to carry on the business of the railway, and defray the current expenses therefor.

Upon this view of the whole case, we cannot find that the court below erred in denying the motion of the receivers, and the judgment will be affirmed accordingly.

*Affirmed.*