JOSEPH HUBBART ET UX. v. WILLIS STATE BANK.

Decided April 30, 1909.

**1.—Judgment—Entry after Adjournment—District Clerk—Statute.**

A district clerk has no authority to enter a judgment in the minutes after adjournment of the court. His authority to make such entry ceases upon the adjournment of the term. Rev. Stats. art. 1087.

**2.—Same—Execution.**

A district clerk has no authority to issue an execution upon a judgment rendered but not entered upon the minutes.

**3.—Same.**

Where a district clerk entered a judgment in the minutes after same had been signed by the judge and after the court had adjourned for the term, and issued an execution thereon, the execution was void, though the judgment was not.

**4.—Injunction—Void Execution—Execution Sale.**

Where a temporary injunction was granted in a suit to restrain the sale of personal property under an execution issued under a judgment of foreclosure and order of sale, and the petition was sufficient to invoke the equity powers of the court, and it was undisputed that such judgment had not been entered in the minutes during the term, but had been entered by the clerk after adjournment for the term, it was error to dissolve the injunction on motion of the plaintiff in execution.

**5.—Same—Courts of Civil Appeals—Authority to Issue Injunction—Appeal from Interlocutory Order.**

Where a temporary injunction was granted to restrain the sale of personal property under execution oñ sufficient bond and petition, and was erroneously dissolved, and an appeal was taken from such interlocutory order by the plaintiff without supersedeas, the appellate court was authorized on motion of the appellant to issue a writ of injunction to preserve the status of the property pending the appeal.

Appeal from the District Court of Montgomery County. Tried below before Hon. L. B. Hightower.

*A. W. Morris, Jr.,* for appellants.

*S. A. McCall,* for appellee.—The entry or recording of a judgment being merely a ministerial act, as distinguished from the "rendition," which is judicial, it has been held that if a judgment is duly rendered during term time (as in this case) it is then complete, and its validity is in nowise affected by the fact that the clerk does not enter it until vacation. 23 Cyc., 839, and authorities there cited.

Execution or order of sale may issue on a judgment only rendered, although it has not been entered, and a sale thereunder will pass good title. Freeman on Judg., 38; 61 Cal., 145; 125 Ill., 64; s. c., 16 N. E., 881; 3 Am. St. Rep., 335; Fontaine v. Hudson, 93 Mo., 69-70; 1 Black on Judg., secs. 109, 110; Jasper v. Schlesinger, 22 Ill. App., 642; 63 Cal., 491.

REESE, ASSOCIATE JUSTICE.—This is an appeal from an inter-

locutory order made in vacation by the district judge, dissolving a temporary injunction previously granted by him on motion of appellee.

The material facts set up in the petition for injunction are, in substance, that appellee, the Willis State Bank, on December 29, 1908, instituted suit in the District Court against appellants for debt and foreclosure of a chattel mortgage on certain horses, mules and wagons; that on February 24, 1909, the clerk of said court issued an order of sale, purporting to be issued upon a judgment in said cause, which had been levied by the sheriff upon the property described therein, and that the same had been advertised for sale by the sheriff. The petition further states that the purported judgment upon which the order of sale issued was entered in the minutes of said court by the district clerk after the minutes had been signed by the district judge and after the court had adjourned for the term, and that the issuance of the execution upon such judgment was without authority and the execution void. As a further ground for the interposition of the court by writ of injunction, it is stated that appellants are engaged in farming, having under cultivation 200 acres of land of their own and 100 acres rented, that they have hired hands to assist in the cultivation of said land, in which cultivation they expected to use the teams and wagons seized by the sheriff, without which they would be unable to carry on said farming operations, which would result in the entire loss of any crop on said lands, for which they had no adequate remedy at law. The petition was duly verified by affidavit of appellants.

The temporary writ was granted by the district judge in chambers March 7, 1909, returnable to the next regular term of said District Court in July, appellants executing satisfactory bond in the sum of $1,362.80. On March 12th defendants filed their answer to said petition, in which it alleges the filing of the suit by them for debt and foreclosure, that citation regularly issued and was served, that defendants Joseph Hubbart and Kate Hubbart made default and on January 12, 1909, while said court was in session a judgment was rendered by said court in favor of plaintiff, the Willis State Bank, and against Joseph and Kate Hubbart for their said debt with foreclosure of their chattel mortgage; that thereupon on January 20, 1909, counsel for plaintiffs prepared a draft of a judgment in conformity with the judgment rendered, and the judge of the court having signified to counsel that he did not care to inspect the same, it was handed to district clerk with instructions immediately to enter same upon the minutes of the court. It is further alleged that thereafter, the exact date whereof can not be stated by defendant, the judgment was entered in the minutes of the court.

It appeared from both petition and answer that the District Court convened in the 11th day of January, 1909, and adjourned for the term on February 2, 1909. The answer of defendant was not sworn to. Defendant also, as a part of its answer, presented a general demurrer and several special exceptions to plaintiffs' petition, and upon this answer also presented its motion to dissolve the temporary injunction. Upon the hearing of the motion the general demurrer and special exceptions of defendant were all overruled by the judge. In addition to the sworn petition plaintiffs presented the affidavits of the

district clerk and also of A. W. Morris, counsel for plaintiffs, showing conclusively that in fact the judgment upon which the execution was issued was entered upon the minutes of the court by the district clerk after the minutes had been signed by the judge and after the court had adjourned for the term. The district clerk so positively states, and Morris states in his affidavit that about February 15, 1909, the court having adjourned on February 2d, he examined the minutes of the court with a view of ascertaining the kind of a judgment that had been rendered in said cause, and that at that time there was no entry upon the minutes of the court of such judgment. It was shown for defendant that there was a regular judgment upon the minutes in favor of the Willis State Bank and against Joseph and Kate Hubbart for debt and foreclosure as set out in the execution or order of sale sought to be enjoined. No attempt was made to show when such entry was made or to contradict the allegations of the petition and supporting affidavits as to the facts of the entry of the judgment after adjournment of court. The district judge upon the hearing, after overruling the demurrer and exceptions of defendant, dissolved the injunction and refused to allow an entry of the judgment *nunc pro tunc* upon defendant's application for such order.

There is but one question presented by the appeal, which is: Was the clerk authorized to enter the judgment in vacation, after the minutes had been signed by the judge and the court adjourned for the term, and to issue an execution upon such judgment?

The district judge overruled the general demurrer and special exceptions to the petition, thus in effect holding that the facts stated were sufficient to authorize the granting of the temporary injunction. The one essential fact, that the judgment was entered after adjournment, was not even denied by the unsworn answer, and was established beyond controversy by the sworn petition and supporting affidavits. In such case it is difficult to understand upon what ground the injunction was dissolved. (Article 3006, Rev. Stats.)

The contention of appellee is expressed in the following proposition: "Execution or order of sale may issue on a judgment duly rendered, although it has not been entered," and the further proposition that the entry of the judgment on the minutes, being a ministerial act, could be done in vacation.

If the first proposition be sound, then it would not affect the execution if the judgment had not been entered upon the minutes at all. Appellants speak in their pleadings and briefs, of the judgment as being void because not entered on the minutes in term time, and appellee devotes a good portion of its brief in combating this proposition. It is not correct to say that the judgment is void for the reason assigned, and it is in no sense necessary to appellants' right to the injunction that it should be held that the judgment is void, nor that they should have denied in their petition that the judgment had been rendered. Full force and effect may be given to the authorities cited by appellee, that the failure of the clerk to enter judgment at all does not affect its validity as between the parties. In a proper proceeding to have the judgment entered in the minutes *nunc pro tunc,* it would only be necessary to establish by proper evi-

dence that it had, in fact, been rendered, but this proceeding, as seems to have been held by the district judge, can only be had at a regular term of the court. This, however, is an entirely different proposition from that upon which appellants' right to the injunction rests, which is that the entry of the judgment by the clerk after the adjournment of the court was unauthorized and forms no part of the minutes of the court, and that the issuance of the execution was unauthorized and the execution (not the judgment rendered) was on this account void.

No authority is needed in support of the proposition that the clerk had no authority to enter the judgment in the minutes after adjournment. The statute required that he shall enter all judgments under the direction of the judge. (Rev. Stats., art. 1087.) His authority to make such entry ceases upon the adjournment of the term. If he could enter a judgment in its entirety, surely, upon reason, he should have the power to exercise the more limited authority to correct in vacation an entry made by him in term time to make it conform to the judgment really rendered, and yet not even the judge can direct this to be done except "where there shall be any mistake, miscalculation or recital of any sums of money, or of any name or names," and this only under express authority of the statute. (Rev. Stats., art. 1357.) Clearly, no appeal could be prosecuted from a judgment rendered but not entered upon the minutes, and yet such appeal must be instituted within a limited time from the adjournment of the court. The right of appeal could then be destroyed if it be held that the clerk in vacation could by his entry of the judgment give it as full force and efficiency as though it had been regularly entered while the court was in session. We therefore hold that the entry of the judgment in this case, made after the adjournment of court, was no part of the minutes of the court, and can not be regarded as furnishing any authority for the issuance of the execution.

In support of the proposition that the clerk may enter a judgment in vacation appellee cites Phelan v. Ganebin (5 Colo., 14). The decision in that case is bottomed upon a statute expressly authorizing the clerk to make such entry. To what extent other cases cited are controlled by statutory enactment we are unable to determine with certainty from reading the report of the cases. In the Colorado case referred to the constitutionality of such a statute was attacked, and it is stated in the opinion that the courts of many states have acted under similar statutory provisions for many years. See Jasper v. Schlesinger, 22 Ill. App., 642, referred to in Weigley v. Matson, 16 N. E. 881. There is no such statutory provision in this State, and it clearly appears from other provisions of the statute and from the universal practice that it was never intended that a clerk should have any such authority. It is settled law that a judgment can not be entered after adjournment of the court *nunc pro tunc* except upon an order of the court, and this order can only be made at a subsequent term of the court. (Accousi v. Stowers Fur. Co., 83 S. W., 1104.) Certainly, if the judge could only order at a regular term the entry *nunc pro tunc* of a judgment previously rendered, the clerk could not make such entry in vacation of his own motion.

Coming to the next question, as to the authority of the clerk to is-

sue an execution upon a judgment rendered but not entered upon the minutes, we think it is conclusively settled by the decisions of this State that he can not do so. (Cyrus v. Hicks, 20 Texas, 487; Brown v. Reese, 67 Texas, 318; s. c., 69 Texas, 590.)

In some States where, under the statute, execution may issue immediately upon rendition of the judgment, it has been held that such execution may issue in advance of the entry of the judgment, and that a sale thereunder would be sustained if afterwards the judgment is regularly entered. Such we understand to be the holding in Los Angeles County Bank v. Raynor (61 Cal., 146); Fontaine v. Hudson (93 Mo., 70), and Weigley v. Matson (16 N. E., 881), which involved collateral attacks upon sales made under such executions.

What had the clerk upon which to issue execution in the present case, if the unauthorized entry of the judgment after adjournment can not be considered? The entry on the judge's docket could not suffice, for that only informed him that judgment had been rendered for the plaintiff for the debt sued for and foreclosure of the chattel mortgage. Can it be said that from this entry and the allegations of the petition the clerk, in the exercise of his ministerial duty, could determine the amount for which the judgment had been rendered and the property upon which the foreclosure was decreed? The question furnishes its own answer. Rights of property can not be so disposed of as under the sanctity of judicial proceedings.

The earnestness with which the contentions of appellee have been presented, and the seeming support given thereto by expressions in the authorities cited, has induced a more lengthy discussion thereof than would appear to be necessary. We can not think there can be any doubt as to their unsoundness as applicable to the present case. Our conclusion is that the issuance of the execution was without authority, and that under the facts presented in the petition, and not denied, appellants are entitled to have the seizure and sale of their property under the order of sale enjoined. The temporary writ was properly issued and the district judge erred in dissolving it. The order dissolving the temporary writ is set aside and the temporary writ is reinstated as originally granted.

After the appeal was perfected to this court, which was done upon a bond for costs without supersedeas, upon application of appellants showing that the sheriff had seized the property under the order of sale and advertised the same for sale, this court issued its temporary writ enjoining such sale until the disposition of the appeal in this court. This injunction by its terms expires with the disposition of the appeal, here made, which reinstates the temporary injunction granted by the district judge upon a bond which furnishes ample security to appellee. We are asked now to withdraw or dissolve the injunction granted by this court, on the ground that it was unauthorized. A decision of this question is material only upon the question of costs. We are still inclined to think that this court acted within its powers in preserving the status of the property pending the appeal, and the motion is refused.

*Reversed and injunction reinstated.*

Writ of error refused.