## WEART v. MAHONE et al.

### No. 11594.

Court of Civil Appeals of Texas. Galveston.

Nov. 23, 1943.

Rehearing Denied Dec. 9, 1943.

198

Vinson, Elkins, Weems & Francis, W. S. Elkins, and C. E. Bryson, all of Houston, and Stone, Phipps & Dibrell and Louis J. Dibrell, all of Galveston, for appellant.

Hunt & Lawler, of Houston, Wayman & Kleinecke, of Galveston, and T. F. Green, Jr., of Conroe, for appellees.

CODY, Justice.

This is a suit by the plaintiff, General Douglas L. Weart, against defendants, Albert W. Mahone and George K. Spoor, brought to impress a trust upon a certain undivided interest in an oil, gas and mineral lease covering certain land in Galveston County. The suit was also brought to remove cloud from title alleged to be cast upon plaintiff's title to said undivided interest by reason of the levying of certain writs of attachment thereon as belonging to George K. Spoor. By amended pleading the plaintiff alleged that the aforesaid Albert W. Mahone had obtained a judgment in a certain consolidated suit pending upon the docket of the district court of Galveston County (the said consolidated suit representing four suits), against the aforesaid Spoor for the sum of $110,359.50; which judgment also purported to foreclose the aforesaid writs of attachment theretofore levied upon the aforesaid undivided interest in said mineral lease; and in said amended pleading plaintiff applied for a temporary injunction to prevent the same under execution issued against the said Spoor on said undivided interest in the mineral lease, until plaintiff's claim of the title thereto had been litigated in this suit. It was further pled by plaintiff that he is a soldier in the Army of the United States and is now, and for a long time has been continuously, absent from the country upon military service, and for that reason should be granted a temporary injunction against the sale until he can try the question of title on its merits. Plaintiff's petition is duly verified by his attorneys.

For the sake of brevity, we will omit the pleadings of defendant Mahone, because the nature thereof will sufficiently appear from the evidence introduced on the hearing, and there is no question made as to the sufficiency of said pleadings.

The defendant Spoor, who resides in Illinois, was not present, at the trial, but through his attorney entered a formal appearance, without filing other pleading.

The evidence, we believe, will be more easily understood if introduced in its chronological order, instead of being grouped in the order in which it was introduced by each party.

The defendant Mahone introduced evidence that during the year 1935 and prior years, judgments totaling a large sum were obtained against defendant Spoor. He further introduced evidence from plaintiff's witness Short, and from the records of the Coast Petroleum Corporation, to the effect that in December, 1934, said corporation was organized as a Delaware Corporation, and that it obtained a permit to do business in Texas in 1935; that Spoor, one Kent, and one Gillock, who were the directors of said corporation,

negotiated with Maco Stewart for an oil, gas and mineral lease covering certain land in Galveston County; that under the understanding with Mr. Stewart, said lease was to be executed to them or to a corporation to be named by them. That in 1935 Mr. Stewart executed and delivered to said Coast Petroleum Corporation said lease, and the corporation issued to the directors, in consideration of said lease, 750 shares of capital stock, as follows: To Kent, 243¾; To Gillock 243¾; and to plaintiff (not Spoor) 243¾; to Short, the Secretary of said corporation, 18¾. Mahone also introduced evidence gotten from Short, who was plaintiff's witness, upon cross-examination, to the effect that after the stock was issued to plaintiff it was pledged to secure the payment of a debt of $5,000, owed by Spoor.

Plaintiff introduced evidence by his witness Short that the records of the corporation showed that 243¾ shares therein had been issued to plaintiff, as evidenced by the corporation's certificate No. 3. That plaintiff had executed a "stock power" to Spoor—who is plaintiff's father-in-law—which was attached to certificate No. 3, which empowered Spoor to sell said stock. That plaintiff had executed various proxies empowering Spoor to vote said stock, which Spoor did at various stockholders' meetings. That witness, the Secretary of the Corporation, never heard Spoor claim said stock as his own. That after the corporation acquired the aforesaid lease it discovered oil thereon, and brought in a total of 15 producing wells. That on December 31, 1941, at a directors' and stockholders' meeting called in New York City for such purpose, the corporation was dissolved. That the plan of dissolution was prepared by New York lawyers, and was brought by them to the said meetings. That when asked where plaintiff's stock was, Spoor held up aforesaid certificate No. 3, issued to plaintiff. That under the plan of dissolution certificate No. 3 was cancelled, and certificate No. 11, for 243¾ shares, was issued to Spoor (i.e., in Spoor's name.) [In this connection, plaintiff has complained of the exclusion by the Court, upon objection of Mahone, of evidence that Spoor, at the time of the meetings held to bring about said dissolution, stated that the 243¾ shares evidenced by Certificate No. 3 belonged to plaintiff and not to himself, Spoor.] That under the plan of dissolution, the assets belonging to

the corporation were transferred to a partnership known as the Coast Petroleum Company; and according to said plan, it was provided that the assets so transferred should belong to the partners in said partnership ratably, in proportion as the stock stood in the names of the stockholders. That the aforesaid Kent, Spoor and Short executed, as the sole parties thereto, the articles of partnership of the Coast Petroleum Company to which the assets of the corporation were transferred; and that according thereto, the assets of the partnership were owned as follows: Kent, 77.5%; Spoor, 20%; Short, 2.5%. The evidence established without dispute the allegations of plaintiff's petition that he is a General in the Army of the United States, and at the time of said directors' and stockholders' meeting, was in the military service beyond the confines of continental United States.

Plaintiff introduced as evidence an affidavit executed by himself and Spoor, which states that it was made to correct a certificate made by Spoor under the Assumed Name Statute, Vernon's Ann.Civ. St. art. 5924, and which is to the effect that after plaintiff learned Spoor's name appeared in the records of the aforesaid partnership as being one of the partners, he determined to make a correction thereof, and that Spoor's action in executing the partnership records in his own name instead of plaintiff's was the result of a mistake of fact, or done through inadvertence or through ignorance of his (Spoor's) duties and rights; that the partnership duly accepted plaintiff as a partner, and had authorized the correction. The date of this affidavit is May 14, 1942.

It appears that defendant Mahone filed suits No. 59,561, 59,565, 59,781, and 60,267, upon the docket of the district court, each suit being styled "Albert W. Mahone v. George K. Spoor", on the various dates, May 23, 1942, May 23, 1942, July 2, 1942, and October 7, 1942; all of said suits being upon judgment taken against Spoor in foreign jurisdictions for sums totaling some $110,000. And it would seem that said judgments upon which suit was so filed were taken in foreign jurisdictions between 1931 and 1935. As heretofore stated, these suits were consolidated, after writs of attachment had been issued, and judgment was taken in said consolidated suit as alleged by plaintiff in this suit, as above set forth. The plaintiff in this suit

was not a party to the consolidated suits, and, or course, was not a party to any of the suits which form the consolidated suit. It was to stay the execution issuing out of the consolidated suit that plaintiff sought the temporary injunction.

The court, after hearing the application for temporary injunction, declined to grant said application, and declined to suspend his order during the appeal. This court granted a temporary injunction against the threatened sale under execution to preserve its jurisdiction until the appeal could be determined, as to whether the trial court erred in failing to grant the injunction to restrain aforesaid sale until plaintiff's claim of title to an undivided interest in the lease could be determined.

The points here urged on appeal by plaintiff are as follows:

1. (a) That plaintiff made out a prima facie case upon the hearing to the effect that he is the equitable owner of the undivided interest in the lease, and by force of section 4 of Article 4642, R.S.1925, he is entitled to an injunction preventing the sale under execution against Spoor until the question of plaintiff's right to the interest levied upon can be tried upon the merits.

(b) That, it appearing that plaintiff is a soldier of the United States Army, stationed outside of the country, he is entitled to a stay of the proceedings under the Soldiers' and Sailors' Relief Act of 1940, 50 U.S.C.A.Appendix, § 501 et seq.

2. That the court erred in excluding the affidavit of Spoor that he never owned any stock in the Coast Petroleum Company, and that all instruments, signed by him in his name at the time of the dissolution, instead of in the name of plaintiff, and any act done by him which resulted in placing the title to the property in his name was unauthorized by plaintiff, the true owner of the stock—that such affidavit is admissible evidence upon a hearing on an application for a temporary injunction.

3. That the court erred in excluding the affidavit of Spoor that he was not insolvent upon the date of the transfer of the stock to plaintiff (that is, the day the stock was issued to plaintiff, which was April 29, 1935), and that plaintiff was the owner of the stock, and that the issuance to him of the stock was not in fraud of Spoor's creditors, and that the stock belonged to plaintiff, and was not issued to plaintiff as trustee for Spoor—such affidavit being admissible upon a hearing on a temporary injunction application, and negatived the contention of defendant Mahone that the transfer to plaintiff of the 243¾ shares of stock was fraudulent as to Mahone, and therefore void.

4. That the court erred in excluding evidence of the witness Short, Secretary of the Corporation, that he heard Spoor say, when the plan of dissolution of the corporation was submitted to him at the meeting called to dissolve same, that he was not a stockholder, but that he merely represented plaintiff—the evidence being admissible as a statement against interest.

The 5th point urged by plaintiff presents the same matter in different form.

6. That the court erred in permitting defendant Mahone to introduce in evidence a pleading filed in the case of H. L. Fontinberry v. G. Gillock et al.—plaintiff not being a party to that suit, and the pleading not being signed under his authority.

7. That the court erred in permitting defendant Mahone to introduce a pleading filed in the United States District Court in a case involving the re-organization of the Mar-Tex Oil Co.—the pleading not having been signed by authority of plaintiff, and being in another cause.

The rule has often been announced that the granting or refusing of a temporary injunction is within the sound discretion of the trial court, and that its action in so doing will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of such discretion. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 163, 86 S.W.2d 722. If this rule should be applied to the refusal of the court to grant the injunction in this case, such action would have to be affirmed. The undisputed evidence shows that Spoor, along with Kent and Gillock, had the right to have the lease assigned to themselves or to the corporation in which they were the directors, and that they caused the lease to be assigned to the Coast Petroleum Corporation. The evidence further shows that Spoor was heavily indebted at the time the 243¾ shares of stock to which he was entitled were issued to plaintiff. The basis upon which the shares were issued to plaintiff to which Spoor was entitled was not ex-

plained by plaintiff or accounted for at the hearing. This explanation was a matter peculiarly with the knowledge of plaintiff.

In other words, when Mahone proved that the stock which was issued to plaintiff was stock to which Spoor was entitled, and that Spoor was heavily involved, Mahone made out a prima facie case that the stock belonged to Spoor. Plaintiff did not overcome such prima facie case by merely proving that the stock stood in his name upon the books of the corporation, and certificate No. 3 for 243¾ shares stood in his name. The failure to explain the transfer from Spoor to plaintiff of the stock, when, if the explanation would show that the transfer was lawful, such explanation would be readily made by plaintiff, is evidence that the transfer was not such as to defeat the claims of creditors. It was beyond the range of possibility for Mahone to get at the explanation which was peculiarly within plaintiff's knowledge. His evidence established, prima facie, that the transfer of the stock was not valid.

We are inclined to agree with plaintiff that the holding made in Stolte v. Karren, Tex.Civ.App., 191 S.W. 600, 605, writ refused, lays down an exception to the general rule that the action of the trial court in granting or refusing a temporary injunction will be disturbed upon appeal only when it appears from the record that he has abused his discretion. In that case the trial court declined to grant a temporary injunction to sell land under execution, and on appeal the court held that, by reason of Section 4, Article 4642, where the plaintiff sought to have the sale enjoined, and she made out a prima facie case that she owned the title to the land sought to be sold as belonging to another, the court erred in refusing to grant the injunction. Said the court of the evidence presented to the trial on the hearing: "This presents a material issue of fact which appellant [the plaintiff] has the legal right to have determined by the jury upon the trial of the main suit and not predetermined in an ancillary proceeding by the court in chambers. She (plaintiff) has the further legal right to have the status of the property involved in this litigation remain as it is until the suit is determined upon its merits." The court in effect held that Section 4 of Art. 4642 established as the public policy of the State that the stability and certainty of land titles is of greater moment than the prevention of inconvenience to creditors. But in order for a plaintiff to come within exception established by the Stolte case, such plaintiff must have exhibited in the trial court upon the hearing such evidence as would constitute a prima facie case upon a trial on the merits.

In this case, as we understand plaintiff, he depends for showing that he established a prima facie case upon certain evidence which the court excluded, and refused to admit. Such evidence consists of certain affidavits which plaintiff offered on the hearing, and certain evidence by his witness Short as to what Short heard Spoor say. The affidavits which plaintiff offered were not attached to the petition, but were offered upon the hearing as primary evidence. That ex parte affidavits are mere hearsay is well settled. Ward v. Benevolent Society, Tex.Civ.App., 155 S.W.2d 994, and cases there cited.

We are familiar with the rule that a hearing for a temporary injunction may be had upon a sworn petition and affidavits. Gordon v. Hoencke, Tex.Civ. App., 253 S.W. 629; Harding v. Pearson & Co., Tex.Com.App., 48 S.W.2d 964; 24 Tex.Jur., 179. But we believe that the court may in the exercise of a sound discretion decline to admit affidavits, especially where they set forth mere conclusions of the affiant. In this case plaintiff offered the affidavits to supply the evidence necessary to make out a prima facie title to the undivided interest in the lease. If a prima facie title to land could be made out upon a hearing for an injunction by offering affidavits which set forth mere conclusions of the affiant, what would prevent the plaintiff from merely pleading that he owns the title to the land, and verifying his pleading, and thus make out his prima facie case? An affidavit does not differ in kind from verified allegations in a petition. A prima facie case can not thus be made out, and we believe the court did not abuse his discretion in refusing to accept the offered affidavits as evidence.

Plaintiff offered to prove by his witness Short that at the time the directors' and shareholders' meetings were held for the purpose of dissolving the corporation he heard Spoor say that the stock evidenced by certificate No. 3 belonged to plaintiff, and did not belong to him, Spoor.

That this was hearsay is, of course, apparent. But plaintiff urges that it is admissible as an exception to the hearsay rule, as constituting res gestae, and as constituting an admission against interest. In so far as the evidence was offered as res gestae, the action of the court in not admitting it is to be referred to the question of whether he exercised a sound discretion. 17 Tex.Jur. 614. We do not think he abused his discretion. Furthermore, we do not think that the plaintiff was harmed by the court's refusal to admit such evidence. The reason for this conclusion will be made clear when we discuss the objection that the evidence was admissible as being an admission against interest, which we take up next.

Mahone is seeking to sell under execution against Spoor the interest levied upon. He is asserting that he has acquired the right to have the rights of Spoor therein sold in order to pay Spoor's debt. As to the tendered statement of Spoor, it is a statement against interest, for it is an admission that he owns no interest in the property. However, it is clear that, by taking the action necessary to having the stock issued to plaintiff, it was Spoor's desire that the stock should be taken for plaintiff's and not as his own. Spoor's tendered statement was merely cumulative of the evidence presented by the records of the corporation which show that the stock stands in plaintiff's name. If such evidence was insufficient to overcome the prima facie case made out by Mahone by the undisputed evidence that Spoor was entitled to have the stock issued to himself, and it failed to appear how that right passed to plaintiff, then further and additional evidence that Spoor contended that the stock belonged to plaintiff would be insufficient to overcome such prima facie case made out by plaintiff. Had the court admitted such evidence, such evidence would not have supplied the want or failure of plaintiff to explain how he acquired the right to the stock from Spoor. In other words, we believe that the said evidence was no less admissible than certificate No. 3, but it was merely cumulative thereof, and since certificate No. 3 was insufficient to make out a prima facie case, no harm resulted to plaintiff by the exclusion of the statement by Spoor that he did not own the stock. Indeed, the court admitted the testimony by Short that, at the meetings aforesaid, when the question was asked where was the stock owned by plaintiff, Spoor held up certificate No. 3, to indicate that it belonged to plaintiff, and this is substantially identical with it.

Plaintiff urges as error on the part of the court his action in admitting into evidence pleadings which had been filed in other actions in other courts to which plaintiff was not a party, in which pleadings there were statements to the general effect that Spoor was owner of the stock in the corporation, and a partner in the partnership which succeeded to assets of the corporation. Mahone justifies the admission of such statements as tending to discredit and impeach Short's testimony by presenting prior contradictory statements made by Short or under his authority. We do not desire to extend the length of this opinion unnecessarily by taking up each instance complained of by plaintiff of the admission of such evidence. If we are right in holding that plaintiff failed to make out a prima facie case which was necessary to entitle him to a temporary injunction, the error, if any, committed by the court in admitting evidence cannot aid or harm plaintiff. The principle which we are here applying can be illustrated as follows. Suppose a defendant was entitled, in a trial before a jury, to an instructed verdict, but the court failed to give such instruction, and the defendant made an argument to the jury which would have been reversible error if the plaintiff had made out a prima facie case. In such case the improper argument could not be harmful to a plaintiff, because he had failed to make out a prima facie case which entitled him to go to the jury. Just so, in this case, the failure of plaintiff to make out a prima facie case of title to the undivided interest in the lease is not affected by errors, if any, by the court in admitting the evidence complained of. We do not pass upon whether, with respect to the admission of such evidence, there was or was not error.

This brings us to the question of whether or not, it appearing that plaintiff was in the military service of the United States, it was error for the court to refuse to issue the injunction until plaintiff was free to appear in court and litigate the question of his title to the land involved. Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 521, upon which plaintiff relies, was passed

204

on by the United States Supreme Court in Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 1226, 87 L.Ed. 1587, where the court, after setting out the material parts of the act, stated as follows: " 'At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on the application to it by such person * * * be stayed as provided in this Act, unless in the opinion of the court, the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service' "

Then proceeded to hold:

"* * * Canons of statutory construction admonish us that we should not needlessly render as meaningless the language which, after authorizing stays, says 'unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.'

"* * * this clause was deliberately chosen and that judicial discretion thereby conferred on the trial court instead of rigid and undiscriminate suspension of civil proceedings was the very heart of the policy of the Act. * * *

"Reenacted against this background without reconsideration of the question beyond a statement in the Senate Committee that 'There are adequate safeguards incorporated in the bill to prevent any person from taking undue advantage' of its provisions, we are unable to ignore or sterilize the clause which plainly vests judicial discretion in the trial court."

Following the case just quoted from, we are unable to hold that the trial court abused the discretion vested in him under the circumstances of this case in declining to grant the injunction because plaintiff is in the military service. He concluded upon the hearing that plaintiff had failed to make out a prima facie case to present to a jury upon the trial on the merits. And while the legal remedy afforded plaintiff by the lis pendens which he duly invoked cannot be considered in connection with plaintiff's right to an in-

junction against the sale of the land under execution under Section 4 of Art. 4642, it can be considered in connection with whether the court abused his discretion in not granting such injunction under the Soldiers' and Sailors' Act. Whatever merit the claim of plaintiff to the title may prove to be on the trial before the jury, it appears that plaintiff can lose none of his rights if the injunction is refused. This, because whoever takes title to the property in question at the execution sale will take it with notice of plaintiff's claim thereto, and the question of title can be as conveniently litigated by plaintiff with such purchase as with Mahone.

We have concluded that the court did not commit reversible error in refusing to grant the temporary injunction applied for by plaintiff.

The trial court upon refusing to grant plaintiff the temporary injunction declined to suspend his order of refusal until the appeal from such refusal could be heard by this court. Plaintiff perfected his appeal during this Court's Summer Recess, and applied to one of the justices of this court for a temporary injunction restraining the sale under execution until the appeal could be heard. A temporary restraining order was granted against Mahone et al., and they were ordered to appear upon a day when the Court had reconvened to show cause why the temporary injunction sought of this court to preserve the subject-matter of the appeal should not be granted. Upon said hearing to show cause, it was agreed by the parties that the question as to the temporary injunction issued by this court should be taken with the case—the injunction against the execution sale issued by this court remaining in effect in the meanwhile.

That this court could and should have granted its temporary injunction to preserve its jurisdiction, though the trial court did not suspend his order refusing the injunction, is well established. Madison et al. v. Martinez, Tex.Civ.App., 42 S.W.2d 84, writ refused; Hubbart v. Willis State Bank, 55 Tex.Civ.App. 504, 119 S.W. 711, writ refused; Gibbons v. Ross, Tex.Civ.App., 167 S.W. 17. It is probably unnecessary to note that the injunction granted by this Court against the execution sale remains in effect pending plaintiff's motion for rehearing, as our

jurisdiction to hear the case continues until said motion is acted upon.

The judgment of the trial court is affirmed.

Affirmed.