BARKDULL, Judge.
This cause is before the court on the appellee’s application for constitutional writ.
This action was originally instituted in the lower court by the appellee, plaintiff below, seeking a declaration of rights, injunction and other relief. A temporary injunction was issued restraining the City from interfering with the appellee’s business until further order of the court, which injunction was approved by this court. See: City of Miami et al. v. Cuban Vill-Age Co., Inc., Fla.App. 1962, 136 So.2d 247. Subsequently, the matter came on for final hearing and the chancellor entered a final decree granting to the appellee affirmative relief and directing the City to issue to it certain municipal licenses. Thereafter, the City took an appeal which, pursuant to the provisions of § 59.14, Fla.Stat, F.S.A., operated as an automatic stay of the decree appealed. See: City of Miami v. Lewis, Fla.App.1958, 104 So.2d 70; City of North Miami v. Engel, Fla.App.1959, 111 So.2d 90. It then appears from the record before us that the City, subsequent to the filing of the notice of appeal, is threatening to and will arrest the appellee for conducting its business without the necessary municipal licenses. This action on the part of the appellant City, subsequent to the filing of the notice of appeal, has resulted in the *70 appellee filing the instant motion before this court seeking a constitutional writ to preserve the status quo, pending the final determination of this appeal. It appears that the appellee is entitled to the relief it seeks.
The temporary injunction was prohibitory in nature, restraining the City and its officials from interfering with the appellee and its business, because it did not possess certain municipal licenses which the City refused to issue. The final decree was mandatory in nature and directed the City and its officials to issue the municipal licenses sought, to the appellee, upon proper application. By implication, if in fact not by operation of law, the prohibitory features of the temporary injunction, restraining the City and its officials from arresting the appellee for not having certain municipal licenses, was merged in the final decree in that the chancellor directed that the licenses in question be issued by mandatory provisions.
By the terms of § 59.14 Fla.Stats., F.S.A., the automatic stay secured by the City, upon the filing of the notice of appeal, only stayed the execution of the final decree. This final decree being in effect a prohibition against the City interfering with the appellee’s business, for not having certain municipal licenses, and mandatory in directing the City to issue such licenses, the operation of the automatic stay [by virtue of the provisions of § 59.14 Fla.Stat., F.S. A.] only stayed the effect of the mandatory provisions of the final decree and did not stay the prohibitory force of the decree. Although the City [pending this appeal] is not required to issue the licenses, the stay does not have the effect of vitiating the effect of the final decree in order to permit the City to arrest the appellee’s agents for not having a license. It is generally held throughout the country that a supersedeas or stay of a final decree is not effective to prevent the operation of a prohibitory injunction, but is effective to stay the operation of a mandatory injunction. See: Powell v. Florida Land & Improvement Co., 41 Fla. 494, 26 So. 700; Ford v. State (Tex.Civ.App.1919), 209 S.W. 490; Diversion Lake Club v. Heath (Tex.Civ.App.1932), 52 S.W.2d 380; 3 Am.Jur., Appeal and Error, § 558; High on Injunctions, 4th Ed. 1698; 93 A.L.R. 709.
Therefore, the constitutional writ sought by the appellee is hereby granted, and the appellants be and they are hereby restrained from interfering with the appellee’s business for failure to have the municipal licenses, which are the subject matter of this appeal, pending a final determination of this matter.
Constitutional writ granted.