BARKDULL, Judge.
This is the third appearance of this case in this court. On the first wc affirmed the *327 granting of the temporary injunction in this matter. See: City of Miami et al. v. Cuban Vill-Age Co., Fla.App.1962, 136 So.2d 247. On the second we granted a constitutional stay continuing the injunction in force, pending this review. See: City of Miami v. Cuban Vill-Age Co., Fla. App.1962, 143 So.2d 69. This appeal now brings for review the final decree which made permanent the temporary injunction and ordered the City [who was the defendant in the trial court] to issue a night club license to the appellee.
It appears that the license granted was for the fiscal year, which expired on September 30, 1962, and it was conceded at the time of oral argument that there had been no application for a renewal of this license and, in fact, that the night club operations had ceased. Therefore, it appears that all questions relative to the issuance of this particular license for the fiscal year 1961-1962 are now moot and they will not be further considered in this opinion.
The City has requested [and under the points raised in the brief it appears appropriate] that this court render its judicial interpretation of the provisions of its Code relative to the requirements for the issuance of a night club license. The principal point raised is whether or not the number of tables and chairs and area requirements of the Code of the City of Miami, Chapters 4 — 1[1] and 4 — 26,[2] demand that a restaurant business [in order to secure a night club license] be operated entirely in a particular room in a building establishment or may operate its business in an entire building established under one roof. The appellant contends that the former is the appropriate construction and the appellee contends that the latter is the appropriate and reasonable construction of the Code.
It appears that the appellant’s contention that the definition of a night club [as set out by the City ordinances] calls for the .requisite number of tables and chairs and area requirements to be contained within one room is without merit. The law as to construction of ordinances is well settled: the court shall apply reasonable and practical meanings to the ordinance *328 in question. See: McQuillan on Municipal Corporations, 3rd Ed., Vol. 6, § 20-47. From a .reading of the ordinances in the instant case, it is clear that the requirements of the ordinances apply to a place of business located under one roof and not one room.
Therefore, the final decree appealed from is hereby affirmed. However, the affirmance of the final decree shall not be construed as disturbing the City’s right to collect its applicable license fees for the fiscal year 1961-1962.
Affirmed.

. Sec. 4-1. Definitions.
As used in this chapter, the following words and phrases shall have the meanings herein ascribed to them:
Night club. Any place of business located within any building or establishment and operated for the purpose of providing meals with vaudeville, theatrical entertainment or dancing, and where such place of business operates after 11:00 P.M., and where meals, alcoholic beverages and refreshments prepared on the premises are served and sold to the public in connection with vaudeville, theatrical entertainment or dancing, and where, in addition to space required by chairs and tables for service of meals to not less than two hundred persons which shall be set up and maintained, there shall be provided a floor space of at least four hundred square feet, located in one unit and on the same floor, suitably prepared for dancing, free from tables, chairs or other obstructions at all times, and where live band or live orchestra music or dancing shall be provided daily during the months of November, December, January, February and March during any four-hour period extending from 7:00 P.M. to the hour of closing the following morning.

. Sec. 4-26. Special provisions relative to night clubs.
It shall be unlawful to operate any night club in the city unless meals or refreshments are prepared and served on the premises in connection with vaudeville, theatrical entertainment or dancing which is also required. Space occupied by chairs and tables for service of meals to not less than two hundred persons shall be set up and maintained. Floor space of at least four hundred square feet shall be located in one unit and on the same floor and suitably prepared for dancing, free from tables, chairs or other obstruction, all of which shall be provided and maintained at all times. Live band or live orchestra music shall be provided daily during the months of November, December, January, February and March during any four-hour period extending from 7:00 P.M. to the hour of closing the following morning. It is unlawful for any person to refuse or prevent or attempt to prevent reasonable inspection of any portion of night club premises by the police officer of the city, during any hour in which a night club is open for business * *